JACOB WOOL v. TOWN OF EDENTON.

*Mandamus—Duty of Municipality—Riparian Owner—Misjoinder of Parties.*

1. Where a statute (section 2751 of *The Code*) provides that an incorporated town shall regulate the line on deep water in front of the lands of proprietors, to enable the latter to erect wharves. etc., thereon, the performance of such duty may be compelled by the Courts.

2. Where, in an action against a town corporation to compel it to regulate the line of deep water in front of plaintiff's land, the complaint alleged that the defendant did undertake to locate the line but that said line did not extend to the deep water, nor did it regulate the deep-water line as required by law, a demurrer by defendant that it appears from the complaint that the defendant had fully performed its duty in the premises was properly overruled.

3. The joinder of unnecessary parties is not a ground of demurrer.

CIVIL ACTION, heard on complaint and demurrer before *Bynum, J.*, at Spring Term, 1893, of CHOWAN Superior Court.

The plaintiff, as the owner of a lot of land in the town of Edenton, fronting on Edenton bay, sought by his action to compel the location by the town authorities, of the deep-water line in front of his property as provided by section 2751 of *The Code.* The action was brought against the individual members of the Board of Councilmen, as well as against the "Board of Councilmen." One allegation of the complaint was as follows:

"That the Board of Councilmen of said town did on the __ day of March, 1888, undertake to locate the said line of deep water in front of the property of plaintiff above described, but that in fact the line so located does not extend to the deep water of Edenton bay, nor does it regulate the deep-water line as required by law, and if plaintiff be precluded from going further than the line so attempted to

3

be fixed, he will not be able to enjoy the use of his riparian rights."

The individual members of the Board of Councilmen demurred to the complaint on the ground that they as individuals had no connection with the matter, and owed no duty to the plaintiff, while the Board of Councilmen demurred upon the following grounds:

"1. It appears from complaint that the Councilmen of Edenton did in March, 1888, fix the line to which plaintiff might enter, and it does not appear that plaintiff made any objection thereto, but acquiesced in same, until this suit was begun.

"2. It appears the Board has regulated the line to which he might enter, and there is no allegation of fraud or collusion.

"3. For that in law these defendants are the judges in regulating said line, and it appears that they have regulated same, and their discretion cannot be controlled by the Court."

His Honor overruled the demurrer, inasmuch as the complaint did not allege that the town had regulated the line of deep water, but only that it had *undertaken* and failed to do so as required by law, and defendants appealed.

*Mr. F. II. Busbee* and *Messrs. Grandy & Aydlett,* for plaintiff.
*Mr. W. D. Pruden,* for defendants (appellants).

SHEPHERD, C. J.: It is provided by *The Code,* § 2751, "that persons owning lands on any navigable sound, river, etc., for the purpose of erecting wharves on the side of the deep water thereof, next to their lands, may make entries of land covered by water adjacent to their own, as far as the deep water of such sound, river, etc., and obtain title as in other cases, * * * and when any such entry shall be made in front of the lands in any incorporated town, the town corporation shall regulate the line on deep water to which entries may

be made." The performance of the duty thus imposed upon the town corporation may be compelled by the Courts (*Wool v. Sanders*, 108 N. C., 729), and it is for this purpose that the present action is brought. The complaint alleges that the defendant did "undertake to locate the said line of deep water in front of the property of the plaintiff, * * * but that in fact the line so located does not extend to the deep water of Edenton Bay, nor does it regulate the deep-water line as required by law." It is further alleged that the plaintiff has demanded that the defendant "extend and regulate the said line to the deep water of the said bay," and that the defendant has refused to take any further action. It is insisted upon demurrer, that it appears from the complaint that the defendant has fully performed its duties in the premises, and that the action should be dismissed.

We cannot assent to such a conclusion, and are of the opinion that his Honor was correct in overruling the demurrer. The law requires that the town shall "regulate the line *on deep water*," and it is explicitly alleged that this duty has not been performed, and that in fact the line does not extend to the deep water. We are aware of no principle which authorizes us to presume that the defendant has performed a plain statutory duty in the face of such admissions as are contained in these pleadings.

As to the joinder of unnecessary parties, it has frequently been decided that it is not a ground of demurrer. *Burns v. Ashworth*, 72 N. C., 496.

Affirmed.