JACOB WOOL v. TOWN OF EDENTON.

*Riparian Owner—Duty of Incorporated Towns to Locate Wharf Line—Demand by Riparian Owner—Mandamus.*

1. Under section 2751 (1) of *The Code,* as amended by Chapters 17 and 349 of Acts of 1893, it is not only the duty of the councilmen of an incorporated town to regulate the line on deep water for the purpose of locating entries, but also for the purpose of indicating the line along which wharves may be built; and it is also incumbent upon a riparian owner to demand the location of such line before proceeding to build his wharf.

2. A petition by a riparian owner to the councilmen of an incorporated town, in which he asks that they relocate the line of entry formerly fixed by them, and that they make a general line on the deep water in front of the high land of the town, so designated that each of the owners of the high land may know the line so established, is a sufficient *demand,* and it is not essential that he should notify the board of his purpose to proceed immediately to erect a wharf.

3. A petition by a riparian owner for a *mandamus* to compel the councilmen of an incorporated town fronting navigable water to designate the wharf-line, which alleges his right to have the councilmen to act and their refusal to discharge their duty in the premises, is sufficient, without an allegation that he had made an entry, or without giving any reason for his demand, other than that he was a riparian owner.

4. In such case, the petitioner having shown a clear legal right, which he cannot exercise until the councilmen perform a duty imposed upon them by statute, and which they refuse to perform, *mandamus* will lie to compel performance of such duty.

WOOL *v.* EDENTON.

This was a CIVIL ACTION heard at Spring Term, 1894, of CHOWAN Superior Court, before *Armfield, J.*, and a jury, it being an action to compel the defendant, by *mandamus*, to lay and regulate the deep-water line on Edenton bay, in front of the plaintiff's high land, the same being located in the incorporated town of Edenton. The action was formerly heard upon complaint and demurrer, the latter of which being overruled and the defendant answering over, the cause is now heard upon the pleadings filed and herewith sent up.

The Court is asked to compel the defendant to lay off and regulate the line of deep water on Edenton bay, an arm of Albemarle Sound, in accordance with the prayer of the complaint and with the demand of the plaintiff made upon defendant, attached to the complaint and marked "Exhibit A," which demand and refusal of defendant is admitted. The said demand is in the following words:

" *To the Board of Councilmen of Edenton, N. C.*

" Your petitioner, Jacob Wool, asks of your body to relocate the line of entry fixed by this board at its meeting on the 6th day of March, 1888, and locate it on deep water in front of his high land on Blount street, so that he can reach the deep water of Edenton bay, or Albemarle Sound, in front of his land. He also asks that your board shall make a general line on deep water of said Sound and bay in front of the high land of the town of Edenton, so designated that each of the owners of the high land may know the line so established.

"(Signed)          JACOB $\overset{\text{his}}{\times}$ WOOL.
                                   mark.

" Witness:   W. J. LEARY, SR."
This 7th day of March, 1893.

After the jury was empaneled and the pleadings read, counsel for defendants moved the Court to dismiss the action, for that the demand marked "A," above set out, was not in accordance with the statute (Acts of 1893, ch. 17), the said demand not specially requesting the line " to which wharves may be built."

Plaintiff's counsel insisted—

1. That this demand was sufficient of itself, both under *The Code,* section 2751, subsection 1, and under chapter 17, Acts of 1893.

2. That if the said demand be insufficient in terms it is cured by the Acts of 1893, chapter 349.

3. That, regardless of any notice or demand from the plaintiff, it is the duty of the defendant to regulate the line of deep water on Edenton bay fronting the town of Edenton.

4. That this cause having been heard upon demurrer of the defendant, and the same being overruled, the trial is now upon the merits of the action to determine the facts at issue as to the just location of said water-line.

The Court, after hearing arguments of counsel, intimated an opinion adverse to the plaintiff, whereupon the plaintiff submitted to a nonsuit and appealed.

*Messrs. C. M. Busbee* and *Grandy & Aydlett,* for plaintiff (appellant).

*Messrs. W. M. Bond* and *Pruden & Vann,* for defendant.

Avery, J.: The second paragraph of subsection 1 of section 2751 of *The Code,* amended by chapters 17 and 349 of the Laws of 1893, is as follows: "And when any such entry (of land in front of a riparian proprietor on navigable water and extending to the deep-water line) shall be made in front of the land in any incorporated town, the town corporation shall regulate the line on deep water to which wharves may be built: *Provided,* that this act shall not affect existing

entries, existing rights or pending suits." Prior to the passage of the two amendatory acts in 1893, it had been held that, until it appeared affirmatively that the authorities of an incorporated town situated upon navigable water had marked out the line of deep water, the Secretary of State might refuse to issue a grant, under the provisions of *The Code*, § 2751, to the riparian owner of the land covered by water, and extending out to the channel on his front. *Wool* v. *Saunders*, 108 N. C., 729. Under the law now in force it is made the duty of the authorities of the incorporated town, "when any such entry is made," not in terms to fix the line of deep water to which entries may extend, but to "regulate the line of deep water to which wharves may be built."

The plaintiff Wool has, and had before he made an entry, a qualified property in the land covered by water and extending on his front out to the line where it became navigable. *Bond* v. *Wool*, 107 N. C., 139; *Zimmermon* v. *Robinson*, 114 N. C., 39. It was formerly the duty of the councilmen to regulate the line on deep water for the purpose of locating entries. The duty of locating still subsists, but it is now enjoined for the purpose of indicating the line along which wharves may be built. The Legislature has the power, through the authorities of a town as agents, to regulate in a reasonable manner the location of the navigable water, whether to mark the boundary of entries or the points for building wharves (*Bond* v. *Wool*, *supra*), and the plaintiff would have had the right to build a wharf on the deep water in his front if the Legislature had conferred no such power of regulation, or if his land had been situated outside of an incorporated town. *Bond* v. *Wool*, *supra*. The law as amended makes it now his duty to demand the location of the line on which he may build a wharf in front of the town of Edenton before proceeding to build, just as the provision of the section cited from *The Code* made the location of that line necessary, in order to subject the land to entry. The

plaintiff, as a riparian owner, could not build a wharf and avail himself of the benefit of his qualified property, except subject to the regulations prescribed by the Legislature, and, therefore, it became necessary that he should demand that the line be designated.

On the 7th of March, 1893, the plaintiff submitted this demand in the shape of a respectful petition, and alleges in his complaint that the town refused to act upon it. He likewise avers that it is the duty of defendants to regulate the line of deep water, and that they have attempted, but failed, to so locate it that he may be able " to enjoy the use of his riparian rights." He prays that defendants be compelled " to locate the line of deep water in front of his said property."

It is true that in the second paragraph of the complaint he alleges that he has the right to make entry of the land on his front, but he would have been entitled to any relief that the facts warranted him in demanding, without making the formal prayer referred to. Having alleged his right to have the councilmen act, and their refusal to discharge the duty imposed by law, it was not material whether he incorporated in his complaint the fact that he had made an entry or gave no explicit reason therein for making the demand, other than that he was a riparian owner. The Courts are presumed to know that the refusal to act deprived him of the use of his property for a most important purpose.

But it is insisted, in effect, that if the plaintiff has alleged in the complaint that he made the proper demand, the proof does not sustain the allegation. In his petition he asks for two things. First, that the board relocate the line of entry fixed by them on a former occasion; second, that the town shall " make a general line on the deep water of said Sound and bay in front of the high land of the town of Edenton, so designated that each of the owners of the high land may know the line so established." It was not essen-

tial that he should notify the board of his purpose to proceed immediately to erect a wharf. They were presumed to know that it was his right to build it, and their duty, on demand, to indicate to him where he should build.

When this case was before us at the Fall Term, 1893 (113 N. C., 33), we were not advertent to the fact that the law had been amended, but the amended act leaves the same duty incumbent on the defendants, though it declares that it shall be done to attain a different end, and since the plaintiff shows that they still owe that duty to him, and have refused, on demand, to discharge it, it is manifest that *mandamus* will lie to compel compliance with the statute by designating the deep-water line on which the plaintiff may build a wharf, just as under section 2751 the defendants could have been made to locate the outer line of an entry. 113 N. C., 35; *Koonce* v. *Commissioners*, 106 N. C., 192.

The plaintiff has a clear legal right which he cannot exercise until the defendants perform a positive duty imposed upon them by statute, and which they have refused to discharge. There being no other adequate remedy, *mandamus* lies. *State* v. *Justices*, 2 Ired., 430.

The judgment of nonsuit must be set aside and a new trial granted.

New trial.