JACOB WOOL v. TOWN OF EDENTON.

*Riparian Owner of Land in Incorporated Town—Duty
of Town Authorities—Location of Deep Water Line—
Estoppel—Practice—Trial.*

1. Where, in the trial of an action, after the defendant, upon
   whom the burden rested, had introduced his testimony, the
   Court in effect declared that the plaintiff could not in any
   event recover, it was proper for the latter to submit to a
   non-suit and appeal, and his failure to introduce testimony
   cannot operate to his disadvantage.

2. The general rule is that there can be no waiver of one's rights
   in property where there is no estoppel or no va'uable con-
   sideration received.

3. It is the duty of the authorities of an incorporated town, under
   the Acts of 1893 amendatory of Sec. 2751 of *The Code*, upon the
   application of a riparian owner, to regulate the line on deep
   water to which wharfs may be built; and the fact that such
   authorities, upon application of W, undertook in 1888 to
   make a location of the deep water to which entry might be
   made and that thereupon W made an entry and obtained a
   grant conformably to such location of the line of deep water,
   does not estop him from having a new location made upon the
   allegation that the former location of the line was erro-
   neous.

ACTION, for mandamus, tried before *Boykin, J.*, and a
jury, at Spring Term, 1895, of CHOWAN Superior Court.

Upon an intimation by his Honor during the trial that the action could not be maintained, the plaintiff submitted to a non-suit and appealed.   The facts are fully stated in the opinion of Associate Justice MONTGOMERY.

*Messrs. Shepherd & Busbee,* for plaintiff (appellant).
*Mr. W. M. Bond,* for defendant.

MONTGOMERY, J.:   Since the passage in 1893 of the two amendatory Acts of Section 2751 of *The Code,* it is the duty of the authorities of an incorporated town situated on navigable waters, upon the application of the riparian owner of the land adjacent to those covered by water, "to regulate the line on *deep water* to which wharfs may be built," just as it was their duty to regulate the line on deep water to which entries might be made before the passage of the amendatory Acts.   The plaintiff made an application in 1893 to the Board of Councilmen of Edenton to have the deep water line fixed on his lands covered by the water of Edenton Bay adjacent to his high land, which application this Court decided was sufficient in substance, in *Wool* v. *Edenton,* 115 N. C., 10.   The defendants refused to act on the petition and in consequence of that refusal the plaintiff commenced this action, on the 18th of March, 1893.   In his complaint he alleges that he is the owner and in the possession of a certain lot of high land in the town of Edenton just in rear of lands covered by the waters of Edenton Bay, and that as such riparian proprietor he has the right to have the defendants locate the line on deep water to which he may make entry for the purposes recognized by law ; that the Board of Councilmen did, in March, 1888, undertake to locate the line of deep water in front of the property of plaintiff, but that in fact the line so located does not extend to the deep water of Edenton Bay,

WOOL *v.* TOWN OF EDENTON.

nor does it regulate the deep water line as required by law, and if plaintiff be precluded from going further than the line so attempted to be fixed he will not be able to enjoy the use of his riparian rights; that plaintiff has demanded of defendants to extend and regulate the line to the deep water of the bay, but that they have refused to take any action in the matter. Whereupon plaintiff prays that defendants may be compelled to locate the deep water line at the deep water in front of his said property, &c.

The defendants demurred to the complaint and assigned the following as grounds therefor : 1. It appears from complaint that the Councilmen did, in March, 1888, fix the line to which plaintiff might enter, and it does not appear that plaintiff made any objection thereto, but acquiesced in the same until this suit was brought. 2. It appears that the Board has regulated the line to which he might enter, and there is no allegation of fraud or collusion. 3. For that in law these defendants are the judges in regulating said line, and it appears they have regulated the same, and their discretion cannot be controlled by the Court.

The demurrer was overruled by his Honor and this Court sustained the ruling—113 N. C., 33. · The defendants then filed an answer to the complaint, in which they admit plaintiff's ownership and possession of the land and that he had made a demand on them to locate the deep water line. They aver however, that they had already fixed the deep water line truly, and in fact, in 1888, upon the application of the plaintiff, and that if he be allowed to build a wharf further out than the line which they had already located, navigation would be obstructed; that in 1891 the plaintiff obtained a grant from the State to the land in front of his covered by the water up to the line located by them in 1888; they further aver "that defendants are advised that the Councilmen are in law the judges

as to how and where the line on deep water shall be regulated for entries to be made; and as it appears they have exercised their discretion after full investigation of the matter, having heard evidence, &c., prior to fixing the line, they respectfully submit that they cannot be compelled to change their views or to undo what was done in March, 1888, by their predecessors, and done as they allege properly and according to law;" and that plaintiff, "By making his said entry, after the line was fixed in 1888, and procuring his grant and not having begun any action to have said line changed in any way until March, 1893, has waived any right to object to said line, if he ever had any cause of complaint."

The defendants also plead the statute of limitations in the following words: "That if any mistake (in the location of the deep water line in 1888) was made, the cause of action to correct same arose more than three years before this suit was begun; and to said action defendants plead the statute of limitations." Upon the complaint and answer having been read, his Honor below expressed the opinion that the plaintiff was not entitled to the relief which he sought: Whereupon, the plaintiff submitted to a non-suit and appealed. The judgment of a non-suit was set aside by this Court, and a new trial ordered—115 N. C., 10. At the Spring Term, 1895, of the Superior Court of Chowan County, a jury was empanneled and the following issues were submitted:

"1. Did Councilmen regulate line on deep water, to which plaintiff might enter in 1888?

"2. Did plaintiff make entry and procure a grant after 1888?

"3. Would a wharf, built as plaintiff proposes, be within 30 feet of a pier or wharf in use?

"4. Would a wharf, built as plaintiff proposes, obstruct navigation?

"5. Is plaintiff's action barred by statute of limitations?

"6. Has plaintiff waived any right he had by accepting what councilmen did in 1888?"

The defendants assumed the burden and introduced the following testimony: 1. The record of Councilmen of Edenton, showing that in March, 1888, defendants, at request of plaintiff, regulated and fixed line of deep water, to which plaintiff might enter land in front of his said high land. 2. The entry book, showing entry made of land covered by water in front of said lot of high land by plaintiff on April 7, 1890. 3. Grant from State issued to plaintiff, covering land entered by him in front of his said land, dated May 19, 1891.

After the introduction of this testimony his Honor asked if plaintiff admitted that defendants had regulated line of entry and that thereafter plaintiff had made entry and procured a grant as contended by the defendants. In answer to the question the plaintiff made the admissions recited in the judgment. Whereupon the court was of the opinion that the action could not be maintained. The plaintiff then took a non-suit and appealed. The judgment of the court below is in the following words: "This cause coming on to be heard, all parties being before the court, and the plaintiff having admitted in open court that he applied to defendants in March, 1888, to regulate the line, to which plaintiff might enter water in front of his lot on Blount Street described in complaint, and that defendants did fix a line of entry, and that plaintiff thereafter did procure a grant from the State, based on such entry, and plaintiff having failed to offer any evidence, on intimation of the court that plaintiff cannot recover, the plaintiff submitted to a non-suit. It is adjudged that defendant Councilmen

of Edenton recover of plaintiff J. Wool and M. H. Dixon, surety, the costs of this action to be taxed by the clerk of this court."

The foundation of the judgment rests upon two considerations, (1) the admission of the plaintiff that the defendants had fixed a line and that plaintiff thereafter had procured a grant from the State based on such entry; (2) the failure of the plaintiff to offer any evidence. As to the failure of the plaintiff to offer evidence, it is enough to say that such a course was to be expected, for the court had declared, in effect, after the defendant had introduced his testimony and the plaintiff had made the admissions set out in the judgment in answer to a question from his Honor, that the plaintiff could not in any event recover and was bound by his entry and grant from the State, and could not be heard to dispute the correctness of the line fixed by the defendants in 1888. The plaintiff was not bound to do a vain thing.

We come now to consider the effect of the admission made by the plaintiff, that the defendants had fixed a line of entry and that he (the plaintiff) had procured a grant from the State based on such entry.

We are of the opinion that the plaintiff, by such admission, did not waive his right to have the defendants locate the line a second time if, in fact, the line which they had already laid off was not the true line—on deep water; and whether or not the line as fixed was upon deep water was the main issue raised by the pleadings. The right of the plaintiff is to have the line run to *deep water*, for his personal gain, aad in that right the public is also intere-ted. The general rule is that there can be no waiver of one's rights in property where there is no estoppel or no valuable consideration received. If the defendants, who were simply the State's Agents to fix the line on deep water, had

arbitrarily fixed it beyond the deep water line so as to obstruct navigation, the State would not be estopped, in a proper proceeding, from going into the truth of the matter and having the line relocated upon its proper frontage, and thereby remove.the obstruction to navigation ; and it does seem that the plaintiff, having, outside of any right conferred by section 2751 of *The Code,* a qualified property in the lands covered by water in front of his high land up to the deep water line, ought not to be estopped from having his rights of property fixed up to the deep water line in cases where the State's Agents have already fixed a line which is not the true one.    In this case no valuable consideration was received by the plaintiff, and no release of any sort was made by him of his interest in the lands.    Estoppels are not favored, and especially are they discouraged in cases where they would occasion injury to the public in addition to individual loss and damage.    The town authorities will not be permitted to arbitrarily locate an imaginary deep water line away from the navigated part of the bay and without making the water navigable up to that line, and thus deprive riparian owners of the right to build wharves to it that they may avail themselves of the advantages of the navigable waters.    And this is just what the complaint alleges and the answer denies.    If such were the law· a great deal of the business and much of the property of Edenton would be at the uncontrolled will of the temporary local authorities.    There is error.    The judgment of non-suit must be set aside and a new trial ordered.

New Trial.