PARIS S. BENBOW *v.* MARY A. ROBBINS and another.

Whether a trial of facts is by a jury, or by consent, if it appears th a the finding was influenced by misdirection or misconstruction of the law, a new trial will be granted by this Court, on appeal.   In such case, the former trial goes for nothing; and if it has by consent of parties been tried by the Court, the second trial must be by jury, unless there be a new agreement that the Court may try.

This was a CIVIL ACTION, to recover damages for ponding water on plaintiff's land, tried at the Fall Term, 1874, of GUILFORD Superior Court, before his Honor, *Kerr, J.*

This case was before the Court at June Term, 1874, and is reported in 71 N. C. Rep., 338.   It was sent back to be tried anew, and on the second trial the plaintiff had judgment. From this judgment defendants appealed.

All the facts relating to the points raised on the second trial will be found in the opinion of Justice READE.

*Dillard & Gilmer, Mendenhall & Staples,* and *Shipp & Bailey,* for appellants.
*Scott & Caldwell* and *Busbee & Busbee,* contra.

READE, J.   This case was before us at last term, reported in 71 N. C. Rep., 338.   It then appeared that a jury trial had been dispensed with, and it was agreed that the Judge should

BENBOW *v.* ROBBINS *et al.*

find the facts and declare the law. The Judge found the facts for the plaintiff, viz : that the defendant had ponded the water on the plaintiff' s land ; but did not find the damages, because he held that the defendant having so ponded the water for twenty years, from 1852 to 1872, she had acquired an easement, and therefore the plaintiff could not recover. From that ruling the plaintiff appealed, and we reversed his Honor upon the ground that, under our statute, time was not counted from 1861 to 1870, so as to bar the plaintiff's rights. And therefore the defendant was not protected. And we directed our opinion to be certified to the Court below to the end that the case might be tried with that error corrected.

When the case went down, instead of trying it anew, his Honor held that the parties were bound by the finding of the facts at the former trial, which were in favor of the plaintiff, and gave judgment for the plaintiff, directing the defendant to take down her dam. This was error.

If the former trial had been by jury, we assume that his Honor would have charged the jury that it was not necessary for the defendant to controvert the plaintiff's allegation that she had flooded his land; for if she had done so she was protected by her twenty years user. And so we assume that he instructed himself; and therefore, it was not necessary for him to consider any evidence which the defendant did offer or which might have offered upon the merits. And so the case has never been tried upon its merits.

Whether a trial of facts is by a jury, or by the Court, if it appears that the finding was influenced by misdirection or misconception of the law, a new trial will be granted by this Court on appeal. And in such case the former trial goes for nothing. And where the first trial, has by consent of parties, been by the Court, the second trial must be by jury, unless there be a new agreement that the Court may try.

There is error.

PER CURIAM. *Venire de novo.*