S. W. ISLER v. ELEANOR KOONCE and others.

*New Trial—Foreclosure—Parties.*

1. Where an appeal is taken to the supreme court from the decision of the judge passing on the law and facts under section 240 of the code, and his legal conclusions are reversed by the appellate court, and a new trial granted, the court below, when certified of the decision of the higher court, cannot proceed to judgment upon the facts found on the first trial, but the case must be submitted to a jury, unless otherwise agreed by the parties.

2. Where a sale of land is·made in execution of a decree of foreclosure in a suit wherein some of the heirs of the deceased mortgagor are not parties, it is not error to allow an amendment, making parties of all the heirs, as well those in possession as those who are not, in an action by the purchaser at the judicial sale to recover possession of the land.

(*Benbow* v. *Robbins*, 72 N. C., 422; *Averett* v. *Ward*, Busb. Eq., 192, cited and approved.)

CIVIL ACTION to recover Land, tried at January Special Term, 1880, of JONES Superior Court, before *Eure, J.*

This was an action to recover real estate upon a claim of title by the plaintiff as a purchaser under a decree of foreclosure of a mortgage executed by J. C. B. Koonce, deceased, against the defendant, Eleanor Koonce, widow of the mortgagor, and her co-defendants, being such of the children and heirs at law as were on the land at the institution of the suit, leaving other children of the mortgagor not joined as parties. At the trial term a jury was waived, and the trial was had by the judge. Upon the record of the foreclosure suit, under which plaintiff claimed, it was found as a fact that the heirs at law of the deceased mortgagor had not been made parties to that action; and thereupon the plaintiff, to obviate the apparent necessity that they should have been parties as taking by descent the equity of redemption, offered evidence tending to show that the equity of

redemption had been divested out of the mortgagor by a sale of the same in his life time under execution, but the court ruled the evidence insufficient to authorize that fact to be found.

Upon these facts, the court adjudged that the equity of redemption at the death of Koonce, the mortgagor, descended to his heirs at law, and that they had not been made parties to the foreclosure proceedings, and that by reason of the non-joinder of said heirs, the decree of sale and deed to plaintiff were ineffectual to pass the title to him.    From that judgment the cause came by appeal to this court, and at June term, 1879, the judgment of the court below was reversed and a new trial granted upon reasons set forth in the opinion as reported in 81 N. C., 378.    On the going down of the certificate from this court, the plaintiff moved for judgment and a writ of possession on the facts as formerly found by the judge.

The court being of opinion that the cause stood for a trial *de novo* overruled plaintiff's motion for judgment and execution, and allowed new parties to be made with leave to file answers, and continued the case until the next term, and from this ruling the present appeal is taken.

*Messrs. Manly & Son*, for plaintiff.
*Messrs. Green & Stevenson*, for defendants.

DILLARD, J., after stating the facts.    Upon the appeal, two points of error are urged upon our consideration; first, in the refusal of judgment and execution to the plaintiff on the facts as found on the former trial by the court, and secondly, in the allowance of new parties with leave to file answers.

1. The refusal of judgment and execution on the plaintiff's motion was proper.    It was properly refused because the judgment of this court on the former appeal was one of

reversal of the judgment below for error of law as set forth in the report of the case, and in terms it *expressly granted a new trial.* It was also proper to refuse the motion for judgment because when the trial by the court, to which the parties consented, was set aside and a new trial granted, the defendants were remitted to their original legal rights to have a trial by jury. The case of *Benbow* v. *Robbins,* 72 N. C., 422, is a case in point. There, after the reversal of a judgment in favor of the defendant on a trial of the facts and law by the court, (as reported in 71 N. C., 338) the plaintiff, conceiving himself entitled to stand upon the advantage of the facts which had been found by the judge, procured judgment to be entered in his favor, and on appeal to this court that judgment was reversed, as reported in 72 N. C., 422. And there, after setting forth the grounds on which the judgment in that particular case was held erroneous, the court lay down the general rule, that " where the first trial has, by consent, been by the court, the second trial must be by a jury unless there be a new agreement that the court may try." This sustains the judge below on the first point of error assigned by the appellant, and precludes the necessity of any further discussion as to that matter.

2. The second error assigned is that His Honor allowed new parties to be made with leave to file answers; and therein also there was no error. J. C. B. Koonce conveyed the land sought to be recovered in this action, in the year 1857, to W. A. Cox and F. S. Smith in fee as a security for several debts, most of them due to the grantees in the deed, upon a condition that the estate should cease on the payment of the money thereby secured, with power in the grantees at the end of three years from the date of the conveyance in case of default in the payment, to enter and have possession, *but without any power of sale.* In 1877, after the death of Koonce, the grantor, a suit was instituted by one

of the secured creditors to foreclose the equity of redemption
to which the trustees, Cox, and the heirs at law of the other
trustee, Smith, were the only parties defendant; and it was
in that foreclosure suit thus constituted in court that the
present plaintiff derived the title on the strength of which
he now seeks to recover, and the question is, was it not le-
gitimate, as the present action is against the widow and
some of the heirs of Koonce, but not all, to allow the omit-
ted heirs to be made parties with an opportunity to make
defence if any they have.

Upon the face of the mortgage, the grantor had the legal
right of redemption by paying the debts secured at any
time before the end of three years, and after that time he
and his heirs as the case may be had the right in equity to
pay and have back the land; and assuming the fact to be
as found by the judge that the equity of redemption was
not divested out of the mortgagor by a sale thereof under
execution against him, as claimed by the plaintiff, then
upon his death that equitable right descended to his heirs
at law.   In such a state of the title, the heirs of the mort-
gagor should have been made parties defendant, (2 Jones on
Mortgages, §1414; *Averett* v. *Ward*, Busb. Eq., 192) yet His
Honor finds they were not.   How could the heirs be fore-
closed by a decree of sale of their equity to have the title,
upon a payment express or presumed of the debts secured,
or by a perception of the profits, or upon a tender and pay-
ment of any balance that remained due, when they were
not parties to that suit? and therefore had no day to defend
their title.   The proceedings under the foreclosure suit, it is
held, passed the legal title to the present plaintiff, but as the
heirs were not parties to that suit it did not conclude them
from any defence they might have made whether upon a
payment actual or presumptive of the debts, or by a tender
of the balance due.   2 Jones on Mortgages, §§ 1395, 1414;
Story's Eq. Pl., § 193.

The plaintiff, though a purchaser under decree of the court, and having the legal estate which was in the original grantees as ruled by this court, (there being nothing in controversy in that case except the right of possession) has the title subject to such rights and equities therein as the heirs of the mortgagor may have, for he must be taken to have bought with a knowledge that they were the owners of the equitable estate and were not parties to the suit under which he purchased, and therefore were not concluded.

The rights and equities which the heirs might have set up in the foreclosure suit if they had been parties, must be capable of assertion still, in some form, either as parties to the present action or by an independent action; and consistently with the policy of the code to prevent multiplicity of actions, no reason occurs to us why those of the heirs who are not parties to this action might not be admitted to come in and make their defence, so as to make the judgment in the cause a complete determination of the rights of all persons.

For these reasons we think there was no error of which the plaintiff has a right to complain in admitting the new parties with leave to file answers. This will be certified.

No error. Affirmed.