A. J. KIVETT and wife v. A. A. McKEITHAN.

*Parol license relating to land may be revoked upon notice—Mills,
condemnation of land for use of—Costs of needless matter in
transcript.*

1. The plaintiff built a mill, and, with tho verbal consent of the defendant,
    constructed a dam across a stream upon land of the latter; and after the
    mill had been in operation for several years, the defendant withdrew his
    consent to the further use of the land for this purpose, and notified the
    plaintiff to level the dam, which he failed to do; and thereupon the
    defendant caused the obstruction to be removed; *Held*, in an action by
    plaintiff for damages: (1) That a parol license relating to land, either
    voluntary or supported by a valuable consideration, may be revoked by
    the owner without incurring liability in damages, where notice is given
    and reasonable opportunity afforded to remove improvements put up
    thereunder. (2) The plaintiff should have taken a conveyance of the
    easement, or pursued the remedy pointed out for the condemnation of
    land for mill purposes. THE CODE, §1849.

2. The appellant, though awarded a new trial, must be taxed with the costs of
    unnecessary matter sent up with the transcript.

    (*McCracken* v. *McCracken*, 88 N. C., 272, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of HARNETT Supe-
rior Court, *McKoy, J.*

Verdict and judgment for plaintiff; appeal by defendant.

*Messrs. R. P. Buxton* and *W. E. Murchison*, for plaintiff.
*Messrs. W. A. Guthrie* ard *J. W. Hinsdale*, for defendant.

SMITH, C. J. In the year 1877, the plaintiff, at an expendi-
ture of several thousand dollars, caused a valuable mill for grind-
ing and sawing to be built on the waters of Little river, in Har-
nett county, and a dam across the stream extending to the oppo-
site shore, and upon land belonging to the defendant. The lat-
ter gave his verbal consent to the construction of an embankment

upon his land not to be more than one foot in height; but this not being sufficient to raise the requisite head of water, it was in fact made one foot and a half higher than the limit, and in this condition, without complaint, the mill was operated for several years. Some six or more months before February, 1882, the defendant withdrew his consent to the further use of his land in this manner, and gave notice to the plaintiff thereof, requiring him to level the dam and remove the obstruction. This was not done, and, accordingly, in that month the. defendant proceeded to demolish so much of the structure as projected over and upon his premises. For the injury to the property consequent upon this act of the defendant, the present suit was soon afterwards instituted.

It is needless to consider the series of rulings of the court to which the defendant excepted during the progress of the trial, and which appear in the record, since most if not all of them depend upon the result of an inquiry into the lawfulness of the defendant's conduct in destroying, after notice of revocation of the license, the structure resting upon his own land. If he had the right to do this, the action cannot be maintained; if he had not, he is answerable in damages.

The instructions imparted to the jury proceed upon the legal proposition that the defendant had authority to remove so much of the dam as exceeded in height the limits of the license, but no portion that was within these limits, and the jury were accordingly directed to ascertain to what extent the embankment had been disturbed, and to render a verdict as they should find the fact to be. In other words, the law is declared to be that, after the plaintiff's large outlay in putting up the mill upon the faith of the defendant's consent and its continuance, the defendant could not, at his own will, terminate the license and entail large consequent loss upon the plaintiff without being exposed to the latter's claim for compensatory damages.

. We do not concur in this general proposition that a parol license, even when supported by a valuable consideration, and

still less when voluntary, relating to land, cannot be recalled by the owner without incurring liability to the party to whom it is given, where notice of the withdrawal is given and a reasonable opportunity is afforded for the removal of any structures, fixtures or improvements which may have been put there by him. The acquirement of any interest in land by consent or contract not in writing, is directly within the prohibition of the statute of frauds, as interpreted and enforced in this state in numerous adjudications.

We do not recognize the doctrine which prevails in many of the states, that a part or even a full performance of the stipulation of an unwritten agreement for the disposition of an interest in lands, other than a lease not enduring more than three years (THE CODE, §1743), exempts such agreement from the operation of a statute which declares it "shall be void and of no effect" (§1554), while in such case we compel the restoration of moneys paid under it, and perhaps allow compensation for what has been expended and cannot be restored to the extent of the value of the benefit which the other party receives and appropriates to his own use.

The cases in which it has been held that a license acted on and expenditures made upon the faith of its continuance, when founded on a valuable consideration, vests an interest beyond the power of revocation at the will of the owner who gives it, proceed upon the same considerations and reasoning which support the doctrine of part performance, and these are, that the statute will not countenance an attempted fraud and render it successful. Many of them will be found collected in the notes of the learned and discriminating editor of the American Decisions appended to *Ricker* v. *Kelly*, vol. 10, page 40; *Rinch* v. *Kern*, vol. 16, page 501, and *Mumford* v. *Whitney*, vol. 30, page 71.

But the subject of a parol contract, under which improvements in good faith have been put upon land and the relative resultant interests and rights to and between the parties to it, has been so fully considered in the recent case of *McCracken* v. *Mc-*

*Cracken,* 88 N. C., 272, that little remains but to announce the conclusion there arrived at.

The court there use this language: "If we consider the contract as a license between the parties, as a license given to the plaintiff to enter upon the land and erect and enjoy the improvements, we cannot perceive that it in the least serves to help his case. If purely a license, it excused, it is true, his entry upon the land which otherwise would have been a trespass. But it was still revocable, and its continuance entirely dependent upon the will of the owner. If intended to pass a more permanent and continuing right in the land, whereby the authority or estate of the owner could be in the least impaired, it was then not only necessary to be evidenced by writing, but could only be made effectual by deed."

In that case the defendant disclaimed any purpose to appropriate to his own use the building put on his land, and the court say "the plaintiff must be content with getting that back without further compensation for loss."

In answer to a suggestion of bad faith in the defendant in inviting the expenditure and then depriving the plaintiff of its fruits, we may say, all this is done with full knowledge of the law, that the permission may be recalled; and it is the plaintiff's folly and the result of misplaced confidence in its continuance, for which the law makes no provision. The plaintiff could have guarded against the loss by purchasing and taking a conveyance of the easement from the defendant; or, if this could not be done, by pursuing the remedy pointed out in the statute (THE CODE, §1849, *et seq.*) for the condemnation and appropriation of lands of a recusant proprietor on the other side of the stream for the necessary uses of the mill; and this remedy for the inconveniences suffered from the defendant's conduct, which, if resorted to in the first instance, would have prevented them, is still open for his relief.

It is then immaterial how much of the dam was removed by the defendant, for he had the right to level it to the ground as

well that excess as that within the limits of his license; and for the error of the ruling in this respect the verdict must be set aside and a new trial awarded.

The testimony as appearing in the notes of the judge is needlessly attached to the transcript and must not be taxed against appellee, but must be paid as costs of the appellant. Let this be certified.

Error.                                             *Venire de novo.*