LOUISA TUCKER et al. v. PAULINA MARKLAND et al.

*Contract—Consideration—Frauds, Statute of—Betterments—Improvements—Partition—Evidence, Burden of Proof.*

M contracted, in parol, to convey to G his estate in common, in expectancy, upon the death of his ancestor, in certain lands, and received the price therefor. Upon the death of the ancestor, G and the other tenants in common had the lands partitioned, G entering into possession of the portion assigned to him as purchaser from M, and placed valuable improvements thereon. M then began a proceeding for another partition, denying G's title to his share, and pleading the Statute of Frauds in bar of the alleged contract: *Held,*

1. That the purchaser was required to prove, by a preponderance of evidence, the contract as he alleged it, but he was not required to prove that the consideration was full and fair.

2. That while the contract was void, and at the time it was made the vendor had no estate in the premises, yet, as he had received the price, and permitted the vendee to take possession and add to the value of the property, in a partition his share should not only be charged with the purchase money he had received, but also with its proportion of the enhanced value by reason of the betterments placed thereon.

This was an issue, joined in a SPECIAL PROCEEDING for Partition before the Clerk, tried before *Clark, J.*, at Spring Term, 1888, of DAVIE Superior Court.

Upon the trial it was admitted by the parties that Mary Markland died, intestate, in the year 1876, seized in fee simple of the lands in controversy.

Mary Markland left surviving her Matthew Markland and Louisa Tucker, the plaintiffs, and Paulina Markland, the heirs-at-law of John Markland, a deceased son, who are defendants in this proceeding, and George Markland, another son, who, since the death of his mother, Mary, has also died intestate, without issue.

George, and the defendant, Paulina, and the heirs-at-law of John, had the lands partitioned among themselves, the said Paulina being assigned one-fifth thereof, the heirs of John one-fifth thereof, and the said George three-fifths thereof, he alleging in said proceeding that he was purchaser and owner of the one-fifth that descended to Louisa and the one-fifth that descended to Matthew upon the death of their mother.

. Louisa and Matthew were not made parties to said proceeding for partition.

The defendants allege, in their answer, that George had purchased, and plaintiffs, Tucker and wife and Matthew, had sold and conveyed their one-fifth interest, each, in the land descended from their mother, Mary, to him, which was denied by plaintiffs, and the Statute of Frauds was set up by them in their replication. The defendants admitted there had been no conveyance from plaintiffs to George, nor had there been any written contract executed between plaintiffs and George for their interest in said lands; but they alleged that during the life of the said George, and of his mother, Mary, the former, by parol, bought and paid the said Tucker and wife and Matthew for their expectancy in said lands. As to the purchase from Mrs. Tucker, the defendants' evidence entirely failed, and the Court directed the jury to find the issues submitted, as to her, "No."

The following issue was submitted to the jury as to Matthew Markland, to-wit:

"Did George Markland purchase, under parol contract, the one-fifth expectancy of Matthew Markland in the land; and if so, what was the consideration paid?"

Answer: "Yes; $800."

The personal representative of George Markland was not a party to the proceeding.

The plaintiffs asked the Court to instruct the jury:

1. This being a transaction with regard to an expectancy, before the jury can answer the issue in favor of the defendants that there was a parol contract and payment of money thereunder, they must be satisfied by a preponderance of the testimony that the alleged sale was fair, and that the consideration paid for their land was full and fair.

2. That this being a parol transaction with regard to an expectancy in the lands of his mother, Mary Markland, George acquired no estate therein, either legal or equitable.

Both of which instructions were refused by the Court, and the Court instructed that it was not necessary that defendants should allege and prove that the transaction of George with Matthew Markland for his interest in the lands was fair and for a full consideration, but was like any other transaction; they only had to show that the trade was made and that there was a consideration therefor. Plaintiffs excepted.

The Court gave judgment, directing that the land be partitioned, and as to the appellant Matthew Markland, it adjudged that his share thereof be charged with the payment of such sums as may be found due the estate of George Markland as the purchase money paid and the improvements placed thereon by the said George Markland, deceased, and to that end it is ordered that the cause be referred to take and state an account.

The appellant assigned grounds of exception to the judgment as follows:

1. That no estate in the land, either legal or equitable, passed from the plaintiff, Matthew Markland, to the said George Markland in the parol contract as to his expectancy in his mother's estate, and there could be no claim thereon for betterments or for purchase money.

2. If any such claim did exist it would be personalty, and belong to the personal representative of the said George

Markland, and not to the defendants as the heirs-at-law of the said George Markland, and the same cannot be enforced and collected in this way and in this proceeding.

3. That as the said George was one of the tenants in common with the plaintiffs and the other defendants, if he placed valuable improvements on the land so held in common, all he could have claimed in the partition would have been to have the part he had so improved, without estimating the value of such improvements. And upon his death that is all his heirs-at-law can claim, and his share descends to them thus enhanced in value; therefore there should be no account as to betterments.

4. That as the said George occupied the one-fifth he inherited from his mother, Mary, as well as the two shares he claimed to have purchased from the plaintiffs, Mrs. Tucker and Matthew Markland, all three of these shares having been assigned to him in one lot or body, it cannot be determined, as a fact or as a proposition of law, that the improvements were placed on the one-fifth of the plaintiff Matthew, but the presumption of law is that he placed them upon his own interest.

5. The reason the law charges for betterments, is that bargainor gets the benefit of them, and it would be inequitable for him to do so without paying for the same. But in this case Matthew Markland is no more benefited than each of the other heirs of the said George.

From the judgment rendered the plaintiff Matthew appealed.

*Messrs. D. M. Furches* and *R. B. Glenn,* for the plaintiffs.
*Mr. J. C. Buxton,* for the defendants.

MERRIMON, J. The first exception is groundless. The parol contract in question, as to proof of its existence, for

the purposes of this action, stood on the like footing as other ordinary contracts. It was sufficient to prove, by a preponderance of evidence, that it was in fact made, and, if so, the purchaser could insist upon such relief as in equity he might be entitled to have. There was nothing in the relation of the parties, nor were there considerations of policy or conscience that rendered it necessary that the consideration paid for the land should be "full and fair"; else the purchaser must lose what he in good faith paid, if the vendor saw fit to avail himself of the statute rendering such contracts void.

The latter part of the special instructions asked for was immaterial. Whether the purchaser got an estate legal or equitable, or not, he was entitled, under the circumstances, to be reimbursed the money he paid to the appellant for the land. It seems that having paid the money he took possession of the land in pursuance of his supposed right under the voidable contract of purchase and with sanction of the vendor. It would be inequitable and against conscience to allow the latter to turn him out of possession thereof without restoring his outlay in cash and for valuable improvements he put on the land while so in possession. The contract was void under the statute if the vendor saw fit to avail himself of it, but he could not be allowed to take fraudulent advantage of a contract he might and did treat as void. He took the purchase money and induced the vendee to take possession of the land and make valuable improvements on it, believing he would get the title therefor. Shall the Court allow the vendor to keep the money of the vendee, which he thus obtained, while it helps him to get possession of the land? Surely not. The Court of Equity will not enforce the contract because the statute pleaded renders it void, but it will not help the vendor to consumate a fraud. *Albea* v. *Griffin,* 2 D. & B. Eq., 9; *Baker* v. *Carson,* 1 D. & B. Eq., 381; *Cham-*

*bers* v. *Massey,* 7 Ired. Eq., 286 ; *Thomas* v. *Kyles,* 1 Jones Eq., 302 ; *Love* v. *Neilson,* Ibid, 339 ; *Syme* v. *Smith,* 92 N. C., 338 ; *Cade* v. *Davis,* 96 N. C., 139 ; *Pitt* v. *Moore,* 99 N. C., 85.

The parol contract referred to is peculiar. The vendor contracted to sell his expectancy in the lands of his mother specified in the complaint. The contract could not have been executed in the life-time of the mother, because while she lived he had no estate—nothing—to convey. It was, in effect, an agreement to convey the undivided interest the vendor might have in the land of his mother, as one of her heirs-at-law, immediately upon her death. *McDonald* v. *McDonald,* 5 Jones Eq., 211.

As to the second exception. The Court might direct the money to be paid into Court, to be disposed of according to law. But if for any cause it turns out that the administrator ought to be a party, the Court may, and ought yet, with a view to the ends of justice and a complete determination of the action, to direct him to be made a party defendant. *The Code,* § 275 ; *Isler* v. *Koonce,* 83 N. C., 55.

The third, fourth and fifth grounds of exception are not well founded. If the vendee in his life-time, after the death of his mother, in pursuance of their parol contract of purchase mentioned, placed valuable improvements on the land, the latter should account for such improvements to the extent of the interest he undertook to sell by parol. The vendee placed all such improvements on the land for his own benefit, no doubt believing that he would have the just benefit of them, but it has turned out that the vendor was not willing that he should do so in his life-time, nor is he willing that his heirs shall do so since his death. The vendor is not required to account for the whole value of such improvements—he accounts only to the extent of his interest, because to that extent he gets benefit. No question is made, so far as appears, as to the liability, in this respect, of any other party to the action ; be this as it may, the appellant is

called upon to account to the extent of his liability, and this is in question. This may be ascertained by ascertaining the whole value of such improvements, and dividing this by the whole number of his brothers and sisters, including himself, who shared as heir-at-law of his mother. *Albea* v. *Griffin, supra*; *Pitt* v. *Moore, supra,* and the cases there cited.

There is no error.

Affirmed.