## HAYES v. RAILROAD.

(Filed November 28, 1905).

*Railroads—Negligence—Withdrawal of Portion of Evidence
—Practice—Nonsuit.*

1. The plaintiff alleged that his injuries were caused by the negligence of the defendant and specified different acts or omissions as constituting the negligence. When the court, at the close of the testimony, intimated that it would withdraw a portion of the plaintiff's evidence from the jury, it acted prematurely and the ruling at that time was calculated to embarrass and to handicap the plaintiff in the development of his case and necessarily to prejudice him, and the case will be remanded with direction to set aside the nonsuit taken in deference to the court's intimation.

2. Plaintiff may submit to an involuntary nonsuit, which he is driven or compelled to take, reserving leave to move afterwards to set the same aside, with a view not to abandon the prosecution of the suit, but to further prosecute it by appeal, in order to test the correctness of a ruling of the court which may otherwise be fatal to his case.

ACTION by Samuel Hayes against the Atlanta & Charlotte Air Line Railway Company, heard by *Judge O. H. Allen* and a jury, at the January Term, 1905, of the Superior Court of MECKLENBURG.

Plaintiff brought this action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. He was a switchman in defendant's employ and belonged to the crew in charge of the "switch local" between Gastonia and Gaffney, which places were about 30 miles apart. Plaintiff complains that defendant used a road or line engine when it should have had a switch engine for that kind of work, and that the road engine was in itself unfit for such service, and lastly that it was out of order, in that it had a defective flange on the lower rim of the pilot which was used by switchmen as a step to get on and off the

engine when in motion and while they were engaged in switching; that plaintiff, while in the performance of his duties, stepped upon this flange, as it was his custom to do, and it gave way, causing him to be knocked down by the pilot and dragged some distance, when the wheel of the engine ran over his leg and crushed it. Plaintiff further alleged that he rode on the pilot with the knowledge and consent of defendant's employees, under whose orders, as his superiors, he worked.

Defendant denies these allegations and avers that plaintiff was not entitled to have a switch engine for such work as he was doing, and that it was not required in such service and could not safely be used, as the train moved from place to place along a considerable stretch of the main track of its railway, and the switching was therefore not done in a regular switch yard where such engines are commonly used; that a road engine was proper and sufficient for the purpose, and that the engine in question was in good condition and supplied with a step and a staff behind the pilot, as good as a foot board and hand hold, where plaintiff could get on and off the engine and where he could stand and hold on with perfect safety. Defendant specially denies that the flange was not in good condition and avers that it was safe and sound and that plaintiff's injuries were caused by his own negligence. Plaintiff denied that there was any step behind the pilot.

Testimony was introduced by each of the parties to sustain their respective contentions. At the close of the testimony, the court intimated that it would charge the jury that there was not sufficient evidence as to the negligence of defendant in failing to use a switch engine, and that it would submit only the evidence as to defendant's negligence in respect to the condition of the flange, the contributory negligence of plaintiff and the proximate cause of the injury as between

these two alleged acts of negligence. In deference to this intimation, plaintiff submitted to a nonsuit and appealed.

*Pharr & Bell* and *A. G. Mangum* for the plaintiff.
*W. B. Rodman* for the defendant.

WALKER, J., after stating the case: We will not discuss the question raised in the argument before us, whether it was the duty of defendant to have had a switch engine instead of a road engine for the use of the crew on its train, as it is not necessary to a decision of the case.

Plaintiff alleges that his injuries were caused by the negligence of defendant and specified different acts or omissions as constituting the negligence. Each act or omission, so alleged, was not pleaded nor intended to be treated as the basis of a separate and distinct cause of action, but as singly, or in connection with the others, tending to establish the one cause of action for the negligence which resulted in his injury. When the court intimated that it would withdraw a portion of plaintiff's evidence from the jury, it acted prematurely, for the case was not being submitted to the jury at the time and the ruling did not extend to the entire cause of action, as would be the case with a judgment sustaining a motion to nonsuit or to dismiss. The ruling at that time was calculated to embarrass and to handicap plaintiff in the development of his case and necessarily to prejudice him. But we will not further discuss this matter, nor will we even refer to the legal merits of the case, so far as presented by the pleadings and evidence, when it was abruptly brought to a close by the intimation of the court. Nor is it necessary to decide, as will hereafter appear, whether plaintiff proceeded properly when he elected to be nonsuited, and appealed. It is common practice for a plaintiff to submit to an involuntary nonsuit, which he is driven or compelled to take, reserving leave to move afterwards to set the same aside, with a view

not to abandon the prosecution of the suit, but to further prosecute it by appeal, in order to test the correctness of a ruling of the court which may otherwise be fatal to his case; and the practice is a useful one when restricted within its proper limits. *Mobley v. Watts,* 98 N. C., 284; *Hickory v. Railroad,* 138 N. C., 311; *Hedrick v. Pratt,* 94 N. C., 101. In order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed has been said to apply ordinarily only to cases where the ruling of the court strikes at the root of the case and precludes a recovery by plaintiff. Plaintiff's right to take the course he did was challenged in this court, because the ruling did not cover the whole case, but left him ground upon which a recovery could be had. But we do not find it necessary to resort to said rule of practice in order to dispose of this appeal, and we do not therefore decide that it warranted or did not warrant the action of plaintiff. In *Davis v. Ely,* 100 N. C., 283, plaintiff sought by the allegations of his complaint to have a contract corrected in certain respects. After the jury were empanneled and the pleadings read, the court intimated that he was not entitled to the equity of correction, but to that of rescission. He excepted, submitted to a nonsuit and appealed. It was held that the nonsuit was unnecessary at that stage of the trial, and the appeal therefore could not be entertained. But notwithstanding this decision, the court, referring to the ground upon which it had based the ruling and in disposing of the case, said: "For these reasons we should dismiss the appeal and allow the cause to proceed in the court below, but that such would not be the result in this case because of the nonsuit which ends the action, and this action was in deference to the intimated ruling. We therefore remand the cause that the nonsuit may be set aside and the action proceed."

Pursuing the course taken in that case, we remand the

cause with directions to set aside the nonsuit and thereafter
to proceed in the same according to the law and the course
and practice of the court.

New Trial.