MERRICK v. BEDFORD.

(Filed May 22, 1906).

*Voluntary and Premature Nonsuit—Appeal.*

Where the court had denied defendant's motion of nonsuit, made at the close of plaintiff's evidence, and held that the plaintiff was entitled to have his case submitted to the jury, but disagreed with plaintiff's counsel as to the measure of damages, a nonsuit taken by plaintiff, while the defendant was introducing evidence, was voluntary and premature, and an appeal therefrom will not lie.

ACTION by W. K. Merrick against Harrison Bedford and another, heard by *Judge W. R. Allen* and a jury, at the March Term, 1906, of the Superior Court of BUNCOMBE. From a judgment of nonsuit, plaintiff appealed.

*Locke Craig* and *Jones & Jones* for the plaintiff.
*Merrimon & Merrimon* for the defendant.

BROWN, J. The following is taken from the official record in this case: "At the conclusion of the evidence and before the evidence closed, the plaintiff's counsel announced that the plaintiff would take a nonsuit. Judgment of nonsuit is entered and the plaintiff is taxed with the costs. No adverse ruling to the plaintiff was made after the motion of the defendant to nonsuit was overruled, and the court held that the plaintiff was entitled to have his case submitted to the jury, but disagreed with the plaintiff's counsel as to the measure of damages. On the next day, after the jury was discharged in the case, the plaintiff gave notice of appeal in open court."

It appears also in the record that at the close of the plaintiff's evidence, the defendant had moved to nonsuit the plaintiff, which motion was denied. The defendant was engaged in introducing evidence and had not concluded when the

plaintiff took the nonsuit. At the time the nonsuit was taken, no reasons were given and the plaintiff did not state that it was taken in consequence of any adverse ruling.

We think, furthermore, that according to the plaintiff's brief and argument the adverse ruling complained of related solely to the issue of damages and not to the cause of action, upon the establishment of which the right to recover damages depends. Under the ruling, the plaintiff would have recovered some damages, much more than nominal. Under the decisions of this court the plaintiff should have continued the trial, and by noting exceptions properly, he would have been able to have this court review every ruling made in the court below. We think the nonsuit was voluntary, premature, improvidently taken, and that under our decisions an appeal from a nonsuit under such circumstances will not lie. *Hayes v. Railroad,* 140 N. C., 131; *Tiddy v. Harris,* 101 N. C., 591.

In the latter case, *Chief Justice Smith,* a lawyer and judge of long experience under both systems of practice, states the ruling governing the right to appeal when a nonsuit is taken, as follows: "The practice has long prevailed that, when the proofs are all in and the judge intimates an opinion that under the old practice the plaintiff cannot recover, or under the new fails to establish the issues necessary to his having judgment, he may suffer a nonsuit, and by appeal have the correctness of the ruling reviewed." This rule, which has long prevailed, has been approved recently by this court in *Hayes v. Railroad, supra,* and *Midgett v. Manufacturing Co.,* at this term. To the same effect are *Gregory v. Forbes,* 94 N. C., 221, and *Crawley v. Woodfin,* 78 N. C., 4.

In *Hayes's case, supra,* which is cited and approved in *Midgett's case, Mr. Justice Walker,* speaking for the court says: "In order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed, viz., to take a nonsuit and appeal, has been said to apply ordinarily only

to cases where the ruling of the court strikes at the root of the case and precludes a recovery by the plaintiff. The plaintiff's right to take the course he did was challenged in this court, because the ruling did not cover the whole case, but left him ground upon which a recovery could be had. But we do not find it necessary to resort to the said rule of practice to dispose of this appeal." "It is a well settled rule of practice in this State that when on the trial the court intimates an opinion that the plaintiff cannot maintain the action, he may, in deference to the opinion of the court, submit to a judgment of nonsuit, assign ground of error and appeal to this court. In such cases, the judgment is not regarded as one entered simply at the instance of the plaintiff; he submits to it with the understanding on the part of the court that he shall have the right to except and appeal." *Merrimon, J.,* in *Hedrick v. Pratt,* 94 N. C., 103. For this, the learned judge cites *Pescud v. Hawkins,* 71 N. C., 299; *Graham v. Tate,* 77 N. C., 120; *Wharton v. Commissioners,* 82 N. C., 11.

This well settled rule of practice is also recognized in *Bank v. Commissioners,* 116 N. C., 380; *Wool v. Edenton,* 117 N. C., 1. The rule is recognized in *Midgett's case, supra,* in the following language authorized by a unanimous court: "An intimation of an opinion by the judge adverse to the plaintiff, upon some proposition of law which does not take the case from the jury, and which leaves open essential matters of fact still to be determined by them, will not justify the plaintiff in suffering a nonsuit and appealing. Such nonsuits are premature, and the appeals will be dismissed. * * * If the plaintiff is permitted to take a nonsuit and appeal whenever an adverse ruling is made during the trial, not necessarily fatal to the case, it is possible the same case may be brought to this court for review repeatedly, and numerous and unnecessary trials had in the court below. It is best that the case be 'tried out' and then, if an appeal is

taken, all the alleged errors excepted to during the trial may be reviewed here."

According to this well settled rule of practice, the plaintiff prematurely took a nonsuit, and his appeal must be dismissed.

Appeal Dismissed.