### J. B. CHANDLER v. CAROLINA MILLS.

(Filed 1 November, 1916.)

**Appeal and Error—Fragmentary Appeals—Trials—Negligence.**

> To entitle a plaintiff to take a nonsuit upon an adverse intimation of the trial court, and have the ruling reviewed in this Court on appeal, the ruling of the lower court must be such as would defeat a recovery upon every aspect of the case; and where two elements, only one of which is necessary to a recovery for a personal injury, are presented, one as to the duty of the master to furnish safe appliances and the other as to the negligence of a fellow-servant, a voluntary nonsuit upon an adverse intimation on one of these phases of the case is premature, and an appeal therefrom is fragmentary, and will be dismissed.

CIVIL ACTION tried before *Starbuck, J.,* and a jury, in the county court and by *Long, J.,* on appeal, in the Superior Court at September Term, 1916, of FORSYTH.

The plaintiff sued for the recovery of damages on account of personal injuries received by him while assisting one James Hunter in lifting

the heavy lid of a dye-machine, under orders from the superintendent of the defendant's mill, he being, at the time, in the employ of defendant. This was not his regular duty, as he was assigned to work, as fireman, at the engine.

He alleged that his injuries were caused by two distinct acts of negligence on the part of defendant:

1. That the dye-machine was defectively constructed with reference to the lifting of the lid in safety, it having no proper appliances or means of raising and lowering the lid, which weighed 400 pounds, and that defendant failed to provide sufficient and competent help with which to do the work.

2. That while they were lifting the lid James Hunter negligently let go the lid before plaintiff could fasten the same securely, and thereby allowed it to fall on the plaintiff's arm.

Judge Starbuck, at the close of the evidence, intimated that he would charge the jury, among other things, that if they should find there was no negligence of defendant in respect to the construction of the dye-machine or in not furnishing a sufficient force to lift the lid, the defendant would not be liable on account of any negligence of James Hunter, he being a fellow-servant of plaintiff. Plaintiff excepted to this intimation of opinion, and, in deference thereto, he submitted to a nonsuit and appealed. The judgment was affirmed in the Superior Court, and plaintiff again appealed.

*Holton & Holton and J. B. Craven for plaintiff.*

*J. C. Buxton, Watson, Watson & Robinson, and R. G. Parker for defendant.*

WALKER, J., after stating case: We need not inquire into the correctness of the ruling as to the effect of any negligence of James Hunter, as we are of the opinion that the nonsuit and appeal were prematurely taken. The law with respect to this matter has been thoroughly well settled by this Court. Before a plaintiff can resort to a nonsuit, and have any proposed ruling of the trial court reviewed here by appeal, the intimation of opinion by the judge must be of such a nature as to defeat a recovery. If there is any ground left upon which the plaintiff may succeed before the jury, after the elimination of all others by an adverse intimation, the remedy is not by nonsuit and appeal, but the case should be tried out upon the remaining ground, for the plaintiff may recover full damages, in which case no appeal by him would be necessary. In other words, the threatened ruling must exhaust every ground upon which a verdict could be had, and, therefore, be fatal to plaintiff's recovery. Speaking to this peculiar but sometimes expedi-

tious practice of the courts, it was said in *Hayes v. R. R.,* 140 N. C., 131, 134: "It is common practice for a plaintiff to submit to an involuntary nonsuit which he is driven or compelled to take, reserving leave to move afterwards to set the same aside, with a view not to abandon the prosecution of the suit, but to further prosecute it by appeal, in order to test the correctness of a ruling of the court which may otherwise be fatal in his case; and the practice is a useful one when restricted within its proper limits. *Mobley v. Watts,* 98 N. C., 284; *Hickory v. R. R.,* 138 N. C., 311; *Hedrick v. Pratt,* 94 N. C., 101. In order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed has been said to apply ordinarily only to cases where the ruling of the court strikes at the root of the case and precludes a recovery by plaintiff. Plaintiff's right to take the course he did was challenged in this Court, because the ruling did not cover the whole case, but left him ground upon which a recovery could be had." To the same effect is *Midgett v. Mfg. Co.,* 140 N. C., 361; *Hoss v. Palmer,* 150 N. C., 17, and *Merrick v. Bedford,* 141 N. C., 504. The Court said in *Midgett's case, supra:* "An intimation of an opinion by the judge adverse to the plaintiff, upon some proposition of law which does not take the case from the jury, and which leaves open essential matters of fact still to be determined by them, will not justify the plaintiff in suffering a nonsuit and appealing. Such nonsuits are premature, and the appeals will be dismissed. . . . If the plaintiff is permitted to take a nonsuit and appeal whenever an adverse ruling is made during the trial, not necessarily fatal to the case, it is possible the same case may be brought to this Court for review repeatedly, and numerous and unnecessary trials had in the court below. It is best that the case be 'tried out,' and then, if an appeal is taken, all the alleged errors excepted to during the trial may be reviewed here," citing *Hayes v. R. R., supra; Tiddy v. Harris,* 101 N. C., 591; *Gregory v. Forbes,* 94 N. C., 221, and *Crawley v. Woodfin,* 78 N. C., 4. The rule of practice itself has prevailed in our courts for many years, but it has been strictly confined in its application to cases where the intimation of opinion reaches to the whole case and leaves nothing for the plaintiff to stand upon, so that the review of the ruling in this Court will extend to all essential matters upon which a recovery could be based; otherwise the appeal would be fragmentary, and we would be giving our opinion upon a single question of law not finally determinative of the case, and trials would thus be uselessly multiplied and protracted.

According to this established principle in the procedure of the courts, plaintiff submitted to a nonsuit prematurely, and we must, therefore, dismiss his appeal. *Merrick v. Bedford, supra.*

Appeal dismissed.