### ELROY BAILEY v. J. W. BARNES.

(Filed 15 October, 1924.)

**Appeal and Error—Fragmentary Appeals—Judgments.**

> An appeal from the intimation of the trial judge that upon the evidence the plaintiff could not recover a part of his demand is premature, and will be dismissed in the Supreme Court, the course to be pursued in such instances is to proceed to final judgment and then appeal under plaintiff's exception should the matter still be adverse to him.

APPEAL by plaintiff from *Calvert, J.,* at May Term, 1924, of COLUMBUS.

Civil action to recover the proceeds derived from a sale of a crop of strawberries upon which plaintiff claimed to hold a lien and chattel mortgage.

The agreement in question was made to secure advances amounting to $1,610. Of this amount, $1,275.31 was for back accounts of previous years; $267.75 was advanced under the paper, and only $198 was advanced after or at the time of its execution.

Upon intimation from the court that he would hold the paper-writing to be simply an agricultural lien for advances, and that the plaintiff's recovery would be limited to $198, the plaintiff submitted to a nonsuit and appealed.

*Donald McRackan and R. A. Miller for plaintiff.*
*Tucker & Proctor, and Schulken, Toon & Schulken for defendant.*

STACY, J. The appeal must be dismissed on authority of *Chandler v. Mills,* 172 N. C., 366.

Before a plaintiff can resort to a nonsuit and have any proposed ruling of the trial court reviewed on appeal, the intimation of opinion must

go to the whole case and be of such a nature as to defeat a recovery. *Robinson v. Daughtry,* 171 N. C., 200.

"In order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed (suffer a nonsuit and appeal) has been said to apply ordinarily only to cases where the ruling of the court strikes at the root of the case and precludes a recovery by the plaintiff." *Walker, J.,* in *Hayes v. R. R.,* 140 N. C., 131.

"The adverse intimation should be of such a kind that it is fatal to the case of the party against whom it is made. It must be directed against the right to recover at all, leaving no chance, in law, for him to succeed before the jury." *McKinney v. Patterson,* 174 N. C., 483.

Plaintiff should have noted his exception and proceeded with his case. He submitted to a nonsuit prematurely; and, under the established rule of procedure, we must dismiss his appeal. *Merrick v. Bedford,* 141 N. C., 504.

Appeal dismissed.