W. ROBERT GRANT v. J. W. BROWN ET AL.

(Filed 22 September, 1937.)

1. Vendor and Purchaser § 25—

Evidence *held* insufficient to support action for damages claimed by purchaser as result of ejectment by vendor's grantee.

2. Vendor and Purchaser § 24: Money Received § 1—

Where a vendor denies any extension of the option sued on, and pleads the statute of frauds, he will not be permitted to retain moneys paid on the purchase price after the expiration of the option.

DEVIN and BARNHILL, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Frizzelle, J.,* at March Term, 1937, and from *Devin, J.,* at November Term, 1934, of EDGECOMBE.

Civil action to recover for money had and received, and for expenses incurred in defending suit in ejectment.

On 15 December, 1932, plaintiff took option from defendant to purchase certain lands in Edgecombe County at the price of $4,000, said option to expire 1 January, 1933. The option was not exercised according to its terms, though $445.00 was paid on the purchase price under an alleged parol extension, and on 5 April, 1933, the defendant conveyed said lands to Allie J. Long.

It is alleged in the complaint that plaintiff was thereafter ejected from the premises, by summary proceeding, resulting in injury and damage, counsel fees, etc.

Upon denial of liability and issues joined, the jury awarded the plaintiff $445.00 on his first cause of action and $269.00 on his second.

The presiding judge intimated that he would set the verdict aside unless the plaintiff would agree to eliminate the recovery on the second cause of action. Counsel asked for time to consult his client, and the matter thus remained *in fieri* for quite a while. Finally, at the March Term, 1937, judgment was entered on the verdict.

Defendant appeals, assigning errors.

*T. T. Thorne for plaintiff, appellee.*

*Henry C. Bourne and Herbert H. Taylor, Jr., for defendant, appellant.*

STACY, C. J. The record, as it appears here, is barren of any evidence to support the verdict on the second cause of action. This will be stricken out, and as thus modified, judgment will be entered for the plaintiff on the first cause of action.

The defendant having denied any extension of the option, and pleaded the statute of frauds, will not be permitted to retain moneys paid on the purchase price after the expiration of the option. *Warren v. Dail,* 170 N. C., 406, 87 S. E., 126. To hold otherwise would be to allow the defendant "to have his cake and eat it too." *Young v. Hood, Comr.,* 209 N. C., 801, 184 S. E., 823. This is not after the manner of fair dealing. *Whitmire v. Ins. Co.,* 205 N. C., 101, 170 S. E., 118.

The cause will be remanded for judgment accordant herewith.

Modified and affirmed.

DEVIN and BARNHILL, JJ., took no part in the consideration or decision of this case.