## A. ROCHLIN v. P. S. WEST CONSTRUCTION COMPANY, INC.

(Filed 7 November, 1951.)

**1. Trial § 25—**

Upon intimation of opinion by the court adverse to plaintiff on the law upon which the action is founded, or the exclusion of evidence offered by plaintiff which is necessary to make out his case, plaintiff may submit to nonsuit and appeal.

**2. Frauds, Statute of, § 9: Vendor and Purchaser §§ 22, 24—**

While in the face of denial of liability parol evidence is not competent to establish an oral contract to convey realty for the purpose of obtaining specific performance, G.S. 22-2, it is competent for the purpose of determining whether the purchaser is entitled to recover the amount paid under such parol agreement which has been breached by the seller, and conversely whether the seller is entitled to retain the payment made for breach by the purchaser.

APPEAL by plaintiff from *Phillips, J.,* January Term, 1951, of IREDELL.

This action was brought to recover a deposit of $1,000 made with the defendant pursuant to the terms of an alleged parol agreement for the purchase of land which the plaintiff alleges the defendant refused to perform in accordance with the terms thereof.

The plaintiff alleges in his complaint that the plaintiff and defendant entered into an agreement on or about 20 January, 1946, "whereby the defendant agreed to erect and convey to the plaintiff a house and lot on East Front Street in the City of Statesville, North Carolina, with sidewalk and all improvements; the price to be between $10,000 and $11,000. The exact amount to be itemized and furnished to the plaintiff upon completion of the house; that pursuant to the above agreement, the plaintiff made a deposit of $1,000 to the defendant on the said house and lot; that sometime thereafter . . . the defendant tendered a deed and demanded of the plaintiff a balance of $12,000, making a total purchase price of $13,000, whereas, the agreement was between $10,000 and $11,000."

The defendant admits there was a verbal agreement entered into by and between the parties for the purchase and sale of the property referred to in the complaint. However, it denies that the amount of the purchase price was not to exceed $11,000 as alleged in the complaint. The defendant alleges in its answer that the house was to be constructed according to specifications furnished by the plaintiff on the basis of the actual cost of the labor and materials entering into the construction thereof, plus ten per cent and the agreed cost of the lot.

The defendant pleaded as an offset to the plaintiff's alleged cause of action damages in the sum of $1,000 caused to it by reason of the plaintiff's wrongful breach of contract.

At the trial below the plaintiff offered testimony tending to establish the terms of the parol agreement and upon objection by the defendant, the objection was sustained and a motion to strike allowed. The trial judge held that the purported contract was for the purchase and sale of real estate, and since the same was not in writing, the contract was inadmissible and the proffered evidence was inadmissible. To this ruling the plaintiff excepted and submitted to a nonsuit and appealed to the Supreme Court, assigning error.

*Land, Sowers & Avery for plaintiff, appellant.*
*Scott & Collier and M. L. Nash for defendant, appellee.*

DENNY, J. In our opinion there was error in the ruling of the trial judge. And where a judge intimates an opinion on the law which lies at the foundation of the action, adverse to the plaintiff, or excludes evidence offered by the plaintiff which is material and necessary to make

out his case, he may submit to a nonsuit and appeal. *Nowell v. Basnight,* 185 N.C. 142, 116 S.E. 87; *Chandler v. Mills,* 172 N.C. 366, 90 S.E. 299; *Hayes v. R. R.,* 140 N.C. 131, 52 S.E. 416; *Hickory v. R. R.,* 138 N.C. 311, 50 S.E. 683; *Tiddy v. Harris,* 101 N.C. 589, 8 S.E. 227; *Mobley v. Watts,* 98 N.C. 284, 3 S.E. 677.

This is not an action for specific performance, but one for the recovery of money paid to the defendant, as part of the purchase price of real property, pursuant to the terms of a parol agreement which the plaintiff alleges the defendant breached.

In the case of *Carter v. Carter,* 182 N.C. 186, 108 S.E. 765, the Court said: "We have solemnly adjudged in this Court, more than once, that where there is a parol contract to convey land, the full amount of the purchase money is paid, the vendee enters into possession and the vendor afterwards repudiates the contract by refusing to make a deed for the land, th purchaser may recover the price of the land so paid by him (*Improvement Co. v. Guthrie,* 116 N. C. 381), and further that where the vendor elects so to repudiate his parol contract by refusing to convey and sets up the Statute of Frauds, the purchaser may recover the amount paid by him for the land under his prayer for general relief, although the action be for specific performance."

In *Improvement Co. v. Guthrie,* cited above, it is said: "If A and B contract for the sale of the land by parol and the vendor elects to repudiate the contract, the vendee may recover back the amount he had paid under the contract . . . A parol contract for land is not void, except at the instance of the party who is allowed and does plead the statute, and neither party who repudiates the contract can take any advantage or benefit under it." *Wilkie v. Womble,* 90 N.C. 254; *Barnes v. Brown,* 71 N.C. 507; *Albea v. Griffin,* 22 N.C. 9.

In the last cited case the Court held that the payment of the purchase price, the taking of possession of the premises, and making improvements thereon would not entitle the vendee to specific performance of the parol agreement; and further held that "no action will lie in law or equity for damages because of nonperformance." Even so, the Court said: "We are nevertheless of the opinion that the plaintiff has an equity which entitles him to relief, and that parol evidence is admissible for the purpose of showing that equity."

Therefore, we hold that while the plaintiff is not entitled to establish his parol agreement with the defendant for the purpose of obtaining specific performance thereunder, G.S. 22-2, since the agreement as alleged is denied, *McCall v. Institute,* 189 N.C. 775, 128 S.E. 349; *Arps v. Davenport,* 183 N.C. 72, 110 S.E. 580; *Henry v. Hilliard,* 155 N.C. 372, 71 S.E. 439; *Miller v. Monazite Company,* 152 N.C. 608, 68 S.E. 1; he may do so for the purpose of determining whether he is entitled to re-

cover the amount he has paid the defendant under such agreement. And it is clearly evident this can only be done by oral testimony. *Luton v. Badham,* 127 N.C. 96, 37 S.E. 143; *Pass v. Brooks,* 125 N.C. 129, 34 S.E. 228; *Tucker v. Markland,* 101 N.C. 422, 8 S.E. 169; *Pitt v. Moore,* 99 N.C. 85, 5 S.E. 389; *Wilkie v. Womble, supra; Kivett v. McKeithan,* 90 N.C. 106. Cf. *Grantham v. Grantham,* 205 N.C. 363, 171 S.E. 331; *Grant v. Brown,* 212 N.C. 39, 192 S.E. 870. If, on the other hand, it is determined that the plaintiff has breached the parol agreement as alleged by the defendant, he will not be entitled to recover the amount paid thereunder. *Improvement Co. v. Guthrie, supra.* There is error in the ruling of the court below.

Error.