■ I)aniel, J.
 

 This' was an action of trespass for taking a hog. Plea in justification, that the defendant, Peter Noe, was then the town constable of Beaufort, and that he took up the hog of the plaintiff within the limits of the said town under the town ordinance mentioned in the case. Had the commissioners of the town power to make such an ordinance? The private act of Assembly, passed in the year 1825, for the better regulation of the town of Beaufort, authorized the commissioners to make ordinances for the removal of public nuisances, and also all such necessary rules as may tend to the advantage, improvement, and good government of the said town, not inconsistent with the laws and constitution of the State. The commissioners are to be an
 
 *499
 
 nually elected by the free white men oí the town, who are of the age of twenty-one. Their rules or ordinances are subject to be repealed or amended at the pleasure of a majority of the commissioners. The plaintiff and defendant are both citizens of the said town. If the commissioners deemed it to be to the advantage of the town, to prohibit the hogs of its citizens from running at large within the limits of the corporation, we cannot see that they had not the power, under the above recited act, to pass any reasonable byelaw to effect that end. The case of
 
 Shaw
 
 v
 
 Kennedy,
 
 N. C. Term. Rep. 158, decides, that a town ordinance is not lawful, which authorizes the property of one man to be taken from him and given to another, without any notice to the owner or trial of his rights. But in this case, the ordinance does not attempt to deprive the owner of his property, provides for his having notice, and secures to him every right which he can claim, not inconsistent with the object of the ordinance, the prevention of mischief to the community. If a majority of the citizens of the town deem the ordinance impolitic or injurious to the people of the corporation, they have the power in their own hands to remedy the evil; but we cannot say tnat this ordinance is either against the general law, or is in itself unreasonable. The seizure and distraining of the hog by the proper officer, and im=-pounding the animal, with a three days public advertisement for the owner to come forward aud take his property, and pay the officer’s charges only, or if a sale took place, the purchase money, after deducting the costs, to be held for the owner, distinguish this case from that oi
 
 Shaw
 
 v
 
 Kennedy.
 
 Notice to the owner of the hog is given by force of the distress of the property and the public advertisement. Such notice has been declared by the courts to be sufficient to bring the owner of the property seized into court under our attachment laws. Personal notice is not absolutely necessary; if the owner of the property be unknown, no other notice can be given, or this method of giving notice will be the best.— The Legislature has, in many instances,, given the commissioners of towns the risrlrt to make regulations concerning
 
 *500
 
 the swine of the citizens of those towns. Swine running at lafg'e in a town may or may not render the enjoyment of life and property uncomfortable. And if they belong to the citizens of the town, we think that they come under the legislative power of the commissioners. Whether the commissioners will make rules concerning such property, is only a matter of expediency. We therefore think that a new trial must be granted.
 

 Yerdictset aside, and new trial granted. Pee. Curiam.