Battle, J.
 

 The case agreed presents the question, whether it was the duty of the plaintiff to keep his cattle within his own enclosure, so as to prevent
 
 them
 
 from trespassing upon the road of the defendant. In England, where all, or nearly all the lands are enclosed by the respective owners, the law requires that each proprietor shall keep his horses, cattle, and other live stock on his own premises, and if he permit them to go upon the land of another it will be a trespass, for which
 
 *469
 

 he
 
 will be responsible. In the first settlement of this country by our ancestors, the condition of things was so entirely different, that we were ¡compelled to adopt another rule. Here, only a very small part of the lands, that is, such as were actually dn cultivation were enclosed, and it was impossible for the proprietors to keep their comparatively numerous flocks and herds within the bounds of their enclosures. These flocks and herds were, therefore, allowed to go at largé, and,as>early as the year 1777, every planter, w.as compelled, under a heavy penalty, to keep a sufficient fence, at least five feet high, about bis cleared ground under cultivation during erop time. This was manifestly done to prevent disputes, and possibly worse consequences, arising from damages done to growing* crops by the ravages of live stock ; and the act proceeds upon the assumption that the live stock, whether consisting of horses, cattle, or hogs, were not to be kept up b}r their owners, but might lawfully be permitted to range at large. The law, then, directly sanctioned what the necessities of the people required ; to wit: the establishment of a general common because ¡of vicinage throughout the State. See 2 Black. Com. 33.
 

 As the plaintiff was not bound to keep up his cow, so as to prevent her from going on the road, we think that the defendant was
 
 grima fade
 
 responsible for having killed her, and there is nothing stated in the case to .vary that responsibility. Had it appeared that the engineer employed the usual mode for driving cattle from the track of the road, by means of the steam whistle, then the defendant might have been excused ■under the authority of the case of
 
 Aycock
 
 v.
 
 Wilmington and Weldon Rail Road Co.,
 
 6 Jones’ Rep. 231. But in the absence of such proof we must hold the defendant liable for the damage caused by the negligence of its servants.
 

 Pee Curiam,
 

 Judgment affirmed.