Manly, J".
The case -made by the transcript from the 'Superior Court of Caldwell is, whether a planter, who has not a fence as required by law, about his cultivated field, nor any navigable or deep water t® serve instead thereof, can recover for a trespass of the defendant’s domestic animals on a field 'thus unprotected. We answer with the Court below, that he cannot.
*557 To maintain a liability of the kind, it would' be necessary to hold that the proprietors of such animals are' bound to keep them under restraint and prevent them from going and pasturing on the uninclosed grounds of a neighbor. Eor, we take it, the rights and liabilities of the- parties would be the-same in a case where there is no fence- or barrier, and one in-which the barrier is declared by law, to-be insufficient.
At the term of tins Court, which has j.ust closed its session at the city of Raleigh, we held, incidentally, in the case of Laws v. North Carolina Rail Road Company, (ante 468,) that a proprietor of cattle is not obliged to- keep them from the unenclosed lands- of a neighbor. The- going at large of all kinds of domestic animals upon uninclosed lands about them seems to be a matter commonly tolerated by the laws and usages of the country. The law makes- it penal to kill animals trespassing upon a. cultivated field that is not lawfully enclosed, and also indictable to kill them- in the range in certain localities; from which, it would appear that they are not without the pale of the law’s protection when in these conditions. And although they may be trespassers, having no right of pasture outside of the owner’s lands, and, therefore, may be driven and kept off, if possible, yet, to effect these objects it is not lawful to kill, maim or abuse. In short, the law recognises, in a variety of ways, the going at large of domestic animals as a common privilege, and it would seem to follow, as a necessary consequence, that the owner is not liable, in trespass, for breaking the close when the former’s cattle wander in search of food upon the latter’s uninclosed grounds.
Thus the keeping under inclosure domestic animals, which is regarded as the rule of the common law of England, if it were ever recognised in our waste and thinly populated country, has been long since abrogated by' various legislative acts and by constant usage to the contrary.
- The stream between the parties to this suit, by the statement of the case, appears to be insufficient as a substitute for *558 a fence, and we have already said it is the same, whether there be no fence or an insufficient one.
We are of opinion, therefore, in the case before us, neither proprietor would be liable to the other for damage done by animals of the one, wandering across the common boundary upon the lands of the other*
Per Ouriam,
Judgment affirmed.