### A. AYDLETT v. ELIZABETH CITY.

*Municipal Authority—Impounding Cattle—Sale of Impounded Cattle for Cost of Feeding.*

1. Where a town ordinance made it the duty of the town constable to impound all cattle running at large within the town limits and authorized the sale of such cattle for the cost of taking, impounding and keeping the same, and the general law prohibited the authorities from charging any poundage or penalty in cases where the impounded cattle belonged to non-residents. *Held*, that a sale of an

impounded cow, belonging to a non-resident, for the cost of feeding her while impounded, was authorized and conferred a good title on the purchaser, since the cost of feeding is not embraced in the word "poundage or penalty."

2. When the purchaser, in such case, surrendered the cow to the true owner, he cannot recover from the town authorities the amount which he bid and paid for the cow at the sale.

CIVIL ACTION tried before *Greene, J.:* at July, 1897, Special Term of PASQUOTANK Superior Court, on appeal from a judgment of a Justice of the Peace. The facts were agreed to and were as follows:

"That E. F. Aydlett owned a farm about four miles from Elizabeth City and had upon the farm among other things a lot of cattle, all of which property and farm was in the possession of J. B. Sylvester, who was in charge of the farm and the stock; that E. F. Aydlett, who lives in Elizabeth City, did not look after the stock in any way, and did not know all the stock, and especially did not know the cow that was taken up by the defendant and sold. That the cow was on the farm in the possession of J. B. Sylvester, and got out and strayed in the Corporate limits of Elizabeth City, into the garden of ——Dozier, who drove her out and drove her in the streets being the first time seen by the town authorities on the streets, and being the first time taken: That the town authorities took the cow up from the street and placed her in a lot kept for cattle taken up by the town. The defendant kept her for 10 days, advertised her and sold her at the Court House door according to the town ordinances made for the Corporation of Elizabeth City, which ordinance is made a part of this statement, and at the sale A. Aydlett bid for the cow $5.00, which was the last and best bid, and paid the money for her to the defendant, and the cow was delivered to said A. Aydlett.

That E. F. Aydlett afterwards claimed and proved the cow to be his and took possession of her. The town author-

ities have offered to pay E. F. Aydlett the difference between $5.00 and what it cost to feed the cow for the 10 days and the fees of the Constable, which he declined and claimed the cow.

The plaintiff presented his bill demanding the $5.00 to the Board of Commissioners of the defendant before the commencement of this action, and asked to have it audited and allowed, and the Commissioners refused to do so.

The town ordinance referred to is as follows:

*Town Ordinance—Sec. 6.*

"No cow, ox, sheep, goat, hog, horse, mule, or goose shall be allowed to run at large in any of the streets or on any of the unenclosed lots of the town within the Corporate limits. It shall be the duty of the Constable to take up and impound any such animal or goose so at large until the penalty or fine and costs for such taking, keeping and impounding shall be paid by the owner or claimant. There shall be paid for each goose so impounded or found running at large the sum of twenty-five cents, and for each cow, ox, sheep, goat, hog, horse or mule, one dollar. One-half of said fine shall go to the Constable and the other half to the Corporation. *Provided*: That if one week after any of said animals shall have been impounded, no claimant shall appear and pay the fine and costs of keeping, the same shall be sold, after three days advertising by the Constable at the Court House door, to the highest bidder for cash. Proceeds of sale shall be applied to the payment of fines and costs of keeping, and one dollar to the Constable for making and posting the advertisement, excess, if any there be, shall be paid to the Treasurer of the Corporation."

The defendant put in evidence the private laws of 1885, Chapter 15, Private laws of 1889, Chapter 126, and also Private laws of 1895, Chapter 85, showing the charter and amended charter of Elizabeth City.

His Honor held that the plaintiff was not entitled to recover and gave judgment accordingly from which the plaintiff appealed.

*Mr. E. F. Aydlett*, for plaintiff, (appellant).
*Mr. Isaac M. Meekins*, for defendant.

MONTGOMERY, J.: The plaintiff acquired a good title to the cow at the sale made by the town authorities. If the plaintiff's contention that the animal belonged to a non-resident of the town, who lived four miles away, and that the owner could not under Section 2 of Chapter 141 of the Acts of 1895 be made to pay any poundage or penalty for the first three times of impounding should be conceded to be true the cow certainly could have been sold under the town ordinance for the cost of feeding her while impounded. The charges for feeding can not, under the Act referred to, be embraced in the words "pounding or penalty." It was the duty of the town Constable to impound all cattle running at large within the town limits. The Section and Act referred to do not prohibit the town authorities from impounding the cattle of all persons, non-residents of the town as well as residents, found astray within the corporate limits; it only prohibits the charging of fines and poundage in cases where the animals belonged to non-residents of the town who live a mile or more from the corporation limits. It does not attempt to prevent the town authorities from collecting the cost of feeding stock impounded, in all cases. There was due to the town authorities from the owner the cost of feeding the animal for ten days, and the amount so due entered into the sale and was sufficient inducement to justify and authorize the authorities to make the sale.

But suppose the town officer acted without authority in making the sale, the plaintiff in this case, who was the purchaser, acquired no title and the true owner had a right to

the possession of the animal and the plaintiff did what was proper in surrendering it to him. At such sales made by public officers the purchaser is charged with notice of all defects of title and of all such gross irregularities as amount to a lack of authority to sell. The plaintiff paid the bid for the cow and took possession of her under the sale. The town is liable to him for nothing. If he has any remedy it is not against the town.

No error.