JOHN C. PASS v. Mrs. MARY E. BROOKS, widow, and MOLLIE
    BROOKS *et al.*, heirs at law of John T. Brooks.

(Decided October 31, 1899.)

*Ejectment—Payment of Purchase Money—Parol Contract
    —Statute of Frauds—Equitable Relief.*

1. When under a parol contract for purchase of land, the purchaser
    has been let into possession, paid the purchase money, and
    made valuable improvements, he may not be evicted until
    he has been repaid the purchase money and the value of the
    improvements.

2. Where, under such circumstances, the owner abrogates the parol
    contract by invoking the statute of frauds, the interest on the
    purchase money is an equitable set-off to any claim for use and
    occupation.

POSSESSORY ACTION for land, tried before *Timberlake, J.,*
at August Term, 1898, of the Superior Court of PERSON
County.

The plaintiff claimed that he was the owner, and entitled to
the immediate possession of a tract of 1½ acres of land, in
possession of defendants.

The defendants answered that they were rightfully in pos-
session, under a purchase by John T. Brooks, deceased hus-
band of Mary E. Brooks, and father of the other defendants;
that he had paid the plaintiff the agreed price, $39, and had
died in possession, after putting valuable improvements upon
the land, but the plaintiff had failed to make him a deed.

The plaintiff replied by setting up the statute of frauds.

Upon the issues submitted, the jury found that the agreed
price, $39, had been paid by John T. Brooks, and the value
of the improvements was $125.

His Honor adjudged that the defendants recover of the

125——9

plaintiff the sum of $39, upon payment of which he was to have writ of possession. The defendants excepted and appealed.

*Messrs. J. W. Graham* and *A. L. Brooks,* for defendants (appellants).
*Messrs. Boone, Bryant & Biggs,* for plaintiff.

FURCHES, J. This is an action·for possession of a lot of land containing about one and one-half acres. The defendants admit that they have no deed or legal title to the lot, but allege that John T. Brooks, the father of the infant defendants, purchased the same from the plaintiff, Pass, at the price of $39; that he paid the whole of the purchase money, and went into possession under said purchase; that the lot so purchased was vacant at the time of the purchase, and that the price paid ($39), was a full and fair price for the same; that after said purchase, the said John T. Brooks, believing that the plaintiff would honestly carry out his said contract and make him a deed to the lot, proceeded to erect and place upon said lot permanent and valuable improvements; and that the said John T., his widow, Mary E., and the infant defendants, who are the heirs at law of the said John T., have been and remained in possession thereof ever since.

To these allegations of defendants, the plaintiff filed a reply, admitting the sale of said lot on the terms alleged in the answer; denying the payment of the purchase money; alleging that said sale was in parol only, and pleading the statute of frauds.

The defendants attempted to establish a written contract for the sale of the lot, so as to take it out of the operation of the statute of frauds. We are of opinion that they did not, and we sustain the ruling of the Court as to this exception.

But the parol contract and sale of the lot is admitted, and the jury find that the purchase money ($39), was paid by the ancestor John T. Brooks before his death, in 1891, and that he placed on the lot permanent improvements to the value of $125. These admissions of fact and findings of the jury bring the controversy down to a matter of equitable adjustment between the parties.

The contract not having been reduced to writing and signed by the plaintiff, and the statute of frauds being pleaded, the Court will not enforce a specific performance of the contract and compel the plaintiff to convey. *Pitt v. Moore,* 99 N. C., 85; *Macey v. Gulley,* 84 N. C., 434. And the plaintiff having the title to the lot is entitled to judgment for possession.

But, as it is admitted that the plaintiff sold this lot to John T. Brooks, the father of the infant defendants, for $39, and the jury having found that the said John T. paid the plaintiff $39 for the lot before his death, and the jury having further found that the said John T. before his death placed improvements (buildings) to the value of $125 on the lot, and that he and defendant have been in possession ever since, the law will not allow the plaintiff to take possession of the lot without repaying the purchase money so paid to him, and without also paying for the valuable improvements put on the lot, by reason of said parol contract; this would be unjust and inequitable. *Albea v. Griffin,* 22 N. C., 9; *Hedgepeth v. Rose,* 95 N. C., 41. The plaintiff can not deprive the defendants of the benefit of their improvements by repudiating his contract. *R. R. v. Battle,* 66 N. C., 541; *Tucker v. Markland,* 101 N. C., 422.

As to whether the defendants should have interest on the $39, or the plaintiff should have rent, are matters of equitable adjustment. If the plaintiff is allowed rent, it must be only what the lot would have rented for in its unimproved

condition.   It can not be equitable and just that the plaintiff should have rent for the buildings he had induced the defendants to put upon the lot, by repudiating his contract. If this were so, it would enable the plaintiff to do the inequitable and unjust thing of getting rent for improvements put there by the defendant, and which had never cost the plaintiff one cent.   Equity will not allow the perpetration of such a wrong.

The plaintiff has the $39, the value of the lot unimproved. The defendants have had the use of the unimproved lot.   The defendants do not claim interest on the $39, and equity will set off the one against the other.   That is, the defendants are not entitled to interest on the $39, nor is the plaintiff allowed rent on his vacant lot.   *Wyche v. Ross,* 119 N. C., 174; *Locke v. Alexander,* 8 N. C., on p. 417.

Therefore, judgment should be entered declaring that the plaintiff is the owner of the lot in controversy; but that he is not entitled to a writ of possession therefor until he pays into the Clerk's office for the benefit of the defendant $164— this being the amount of the purchase money and the value of the permanent improvements.

Upon this opinion being certified to the court below judgment will be so entered.

Error.   Judgment modified.