PASS v. BROOKS.

(October 30, 1900.)

1. *Vendor and Purchaser—Rental Value—Improvements.*

An issue as to the rental value of land sought to be recovered by a vendor, in failing to show that the value computed was that of the land, without the improvements thereon, is erroneous.

2. *Appeal—Issues—Exceptions.*

When it plainly appears from the record that a certain issue should not have been submitted, on appeal the Court will so find, though there is no specific exception to the issue, but only to the finding.

3. *Appeal—Rehearing—Arbitration—New   Trial—Vendor and Purchaser.*

Where a judgment is set aside in an action between a vendor and purchaser, for error in issue as to rental value of property, and Supreme Court attempts to adjust the rent thereof, a new trial will be granted on rehearing, in order that such issue may be submitted.

PETITION to rehear.   Petition allowed.   New trial.   For former opinion, see 125 N. C., 129.

*Boone, Bryant & Biggs,* for petitioner.
*J. W. Graham* and *A. L. Brooks,* in opposition.

FURCHES, J.   This case was before the Court at Fall Term, 1899, reported in 125 N. C., 129, and is before us again upon a petition to rehear.   There is no complaint as to anything contained in the opinion, except what is said in the two last paragraphs, where the Court undertakes to settle the matter in dispute between the parties upon an equitable adjustment; and we do not see that the plaintiff is damaged by what is there said.   It would probably have been better to have said in that opinion what was held by the Court when it was here before, and what we will say now:   That it is so apparent to the Court, from the third issue as submitted to the jury, unexplained by the Court, and the finding of the jury thereon, that there is error, the Court will not allow this finding to stand.   The issue is as follows:   "What is the rental value of said land per year?"   And the answer is: "$25."   What is the rental value?   This, unexplained, must necessarily mean the present rental value, and must necessarily include the improvements put upon the land by the defendant.   It can not be contended that an acre and a half of unimproved land in the country would rent for $25 a year, and we do not understand the counsel of plaintiff to contend that it would.   But let this be as it may; the Court sees that, as matter of law, there was error in submitting this issue in the form it was submitted, without explanation on the part of the Court.   The contention of the plaintiff on the argument of the petition to rehear, is that defendant did not except to the issue, nor the charge of the Court, and can not be heard to except here.   And it is true that there seems to be no

such specific exception.   But defendants do object and ex-
cept to the allowance of $25 yearly rental value being charged
against them.   But where the Court undertakes to change the
law, or to administer the law, and it plainly appears from the
record of the trial that there is error, this Court will correct
it; and the finding on the third issue is set aside.   And if the
plaintiff thinks he has been damaged by the equitable adjust-
ment the Court undertook to make, and wishes an issue sub-
mitted to the jury as to what was the rental value of said
land in its unimproved condition, when the ancestor of de-
fendants bought it, and to have this deducted from the value
of the improvements, the amount of the payment of $39 on
January 1, 1891, and interest thereon, we think he is entitled
to have it.   But the opinion in every other respect, delivered
at Fall Term, 1899, is approved by the Court.

Petition allowed.   New trial.