STATE v. AVERY MATHIS.

(Filed 16 December, 1908).

1. **Stock Law—County Commissioners—Territory—Boundaries.**
    In pursuance of an election held under Revisal, sec. 1684, result-ing in favor of the stock law, it is competent for the county com-missioners to forbid stock from running at large within the county, and declare a mountain range, a creek, a fence, or other natural line, as the limit within which the law shall operate.

2. **Same—Fence—Adjoining County.**
    When the stock law is in force in a county, under the pro-visions of Revisal, sec. 1684, and the defendant, prosecuted for its violation, lives within a short distance from the dividing line of that and adjoining county wherein the stock law was not oper-ated, and wilfully permits his stock to run at large, it is not a valid defense that no fence had been built on the line to pre-vent the stock from the adjoining county to run at large on his side of the line, when the county commissioners had declared the line to be a mountain range or other natural or political line.

ACTION tried before *Ferguson, J.,* and a jury, July Term, 1908, of McDOWELL.

This was a prosecution instituted before a Justice, and carried by appeal to the Superior Court. Pursuant to the provisions of sec. 1684, Rev., an election was held in Mc-Dowell County for the purpose of ascertaining whether the "stock law" should be established in said county, at which a majority of the votes were cast for the law. Pursuant to the provisions of the statute, and the election, the commis-sioners of said county made the following order: "It is ordered by the Board that the Blue Ridge Mountains or

mountain range be, and the same is hereby declared a lawful fence, for all intents and purposes, from the Swannanoa tunnel to the corner of Mitchell, Burke and McDowell counties; that the Linville Mountain or mountain range be, and the same is hereby declared a lawful fence, for all intents and purposes, from the Mitchell County line to the southern end of said mountain or mountain range; that the mountain or mountain range known as Pond Ridge be, and the same is hereby declared a lawful fence, for all intents and purposes, from the point where it joins Linville Mountain down to the point where the McDowell and Burke County line leaves said ridge or mountain."

McDowell and Yancey counties adjoin, and North Cove Township joins Yancey County where the Blue Ridge is the line between said counties. There are no gates or other obstructions across the public road at the county line on top of the mountain, and stock can pass across said line. Yancey County has no stock law. Defendant lives in North Cove Township in McDowell County, some six or eight miles from the county line. Defendant permitted his hogs to run at large after the order was made by the commissioners. He contended, that until the commissioners built a fence or put obstructions to prevent stock in Yancey County from coming into McDowell County, he could not be compelled to confine his stock. The Court instructed the jury that if they were fully satisfied from the evidence that the defendant wilfully permitted his hogs to run at large, after the county of McDowell had been declared in the stock law, after said stock law election, and after the time fixed by the commissioners for the confinement of stock, they would return a verdict of guilty, and the defendant excepted. There was a verdict of guilty. Judgment and appeal.

*Assistant Attorney-General Hayden Clement* for the State.
*W. T. Morgan* for defendant.

CONNOR, J. In *Laws v. R. R.,* 52 N. C., 468, *Judge Battle* says: "In England, where all, or nearly all, the lands were enclosed by the respective owners, the law requires that each proprietor shall keep his horses, cattle and other live stock on his own premises, and if he permits them to go upon the land of another, it will be a trespass for which he will be responsible." He proceeds to give an interesting account of the change adopted in this country, by reason of the different "conditions of things," concluding that, by the statutes requiring every planter to maintain, around his cultivated land, a fence of prescribed height, "general common, because of vicinage, throughout the State was established." It was, upon this ground, held that an owner of cattle was not required to fence them in and, therefore, not liable for damages done by them in going upon the lands of another. *Judge Manly,* in *Jones v. Witherspoon,* 52 N. C., 555, citing *Laws'* case, says that, by common usage, the right of general common became the common law of this State. While this is true, it does not follow that the Legislature may not re-enact the common law or make that law the statute law of the State. If the condition, in respect to the agricultural system of the people so changes as to make it conducive to their interest to require all stock to be "fenced in" and relieve the land owner of the duty to "fence it out," we can see no good reason why the Legislature may not by appropriate legislation do so, either in respect to the whole State or political divisions thereof. For the past twenty-five years, such has been the policy of the State, as evidenced by our legislation. This being true, we do not see why the Legislature, or when power is conferred upon them, the county commissioners, may not forbid stock running at large in the county, or any township thereof, and declare a mountain range, a creek or other natural political boundary a lawful fence, or the limit within which the law shall operate.

Certainly it is immaterial to the citizens of the county

adopting such law that no natural or artificial obstruction is provided. If any one may complain, it is the people of the adjoining county or township. It is not very clear how the defendant has any just ground of complaint that provision is not made for preventing stock from Yancey County coming into McDowell. He is charged with permitting his hogs to trespass on his neighbors in McDowell. A fence between that county and Yancey could not possibly affect him in respect to the right of his neighbors to require him to "fence in" his stock for their protection. It is only the people of Yancey County who would be in a position to complain that their stock was fenced out by an imaginary line. The answer to them, however, would be that, if they wish a fence on the line, to keep their stock off the lands of the people of McDowell, they must build one themselves. While it is usual for the counties or townships which adopt a "stock law" to build a common fence, it is not necessary that they do so. Many creeks, swamps and other natural boundaries have been declared lawful fences, without regard to their width or depth. The only possible reason why the validity of the statute and the order of the commissioners could be called into question by the Court, is that it is unconstitutional. If there was any doubt in regard to the power of the Legislature to declare the line a lawful fence, the defendant is not in a position, in this case, to raise it. *St. George v. Hardie,* 147 N. C., 88. The instruction of his Honor to the jury was correct. There is

No error.