### STATE v. JIM GARNER.

(Filed 3 April, 1912.)

**1. Quarantine of Cattle—Board of Agriculture—Powers.**

The State Board of Agriculture has authority to make and enforce regulations for the quarantine of cattle and to prevent their transportation in view of preventing the spreading of contagious diseases.

**2. Quarantine of Cattle—Prohibited Territory—Fence Law, County —"Willfully Permit."**

An owner of cattle, in permitting them to run at large in a no-fence county, which results in their straying from a prohibited territory, willfully "allows" them to move across the line when he purposely turns them out and they cross the line; for it is not necessary that he drive them across; it is enough that he permit them such liberty that thereby they are "allowed" by him to move across the line.

WALKER and ALLEN, JJ., dissenting.

APPEAL by defendant 'from *Cooke, J.,* at December Term, 1911, of MOORE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Attorney-General for the State.*
*R. L. Burns for defendant.*

CLARK, C. J.   Indictment under Revisal, 3294, for "allowing" cattle to move from a quarantined area in North Carolina into that portion of the State lying north and west of the quarantine line established by the Board of Agriculture, *i. e.,* from Hoke County into Moore.

The special verdict finds that defendant owned a cow which was infected with the cattle fever tick and permitted her to run at large in Hoke County, from his home, one-quarter of a mile from the county line, and she strayed into Moore County.    It further appears that Hoke County is nonstock-law territory, and that there was no fence between Hoke and Moore counties.

It is immaterial that there was no stock-law fence between Hoke and Moore counties and that cattle are allowed to run at

large in Hoke County. The defendant is not indicted for viola-
tion of any stock law in permitting his cow to run at large.
Indeed, his counsel in this Court rested his defense purely upon
the ground that it was not shown that the defendant "willfully"
violated the regulation of the Board of Agriculture which pro-
vides: "No cattle shall be moved or allowed to move from any
quarantined area of this or any other State, as defined by the
regulations of the United States Department of Agriculture and
amendments thereto governing cattle transportation, into that
portion of North Carolina lying north and west of the line de-
scribed in section 2 of these regulations, nor into the counties of
Halifax, Edgecombe, Wilson, Nash, Lee, Moore, Richmond, and
Scotland, after February, 1911."

The authority of the Board of Agriculture to make and
enforce such regulation is fully discussed and determined in *S. v.
R. R.,* 141 N. C., 846; *Kimmish v. Ball,* 129 U. S., 217.

When the defendant turned his cow out and permitted her to
run at large and as a result she strayed across the line into the
forbidden territory, he willfully "allowed" her to move across
that line. It is not necessary to show that he drove her across
the line, but merely that he permitted her such liberty that
thereby she was "allowed" by him to move across the line. The
act of turning her out, whereby she was permitted to stray, was
done purposely and therefore willfully. The enforcement of
these quarantine regulations is a matter of great importance.
Both the Federal and State governments are at great expense to
have all cattle inspected and the ticks removed, so that from time
to time new territory is announced to be free from infection and
a new quarantine line is established and proclaimed. All this
effort would be in vain and the great expense incurred would be
useless unless the regulation against cattle being moved or
allowed to move from the infected territory into the territory
that has been freed from infection is strictly enforced.

In this case it is found as a fact that the cow was "infected";
but the defendant's guilt does not depend on that. The regula-
tion provides "no cattle" shall be moved or "allowed to move"
from infected territory across the line.

Upon the facts found in the special verdict, it should be entered that the defendant is guilty.

Reversed.

WALKER and ALLEN, JJ., dissenting.