J. D. OWEN v. TOWN OF WILLIAMSTON.

(Filed 23 February, 1916.)

1. **Municipal Corporations — Cities and Towns — Animals at Large—Ordinances—Nuisance.**

An ordinance of a town in a county not having the fence law declared the running at large of hogs, etc., within the town limits a nuisance and provided for impounding them, and imposed a penalty upon the owner, together with a charge for the cost of keeping them. *Held*, the ordinance applied to owners who resided in the county as well as those residing in the town, and is a valid one.

2. **Same—Charge for Impounding—Statutes.**

A town ordinance in a county not having the fence law declared the running at large of hogs, etc., within the town limits a nuisance, and provided for impounding them and collection of the cost of keeping them,

as well as a penalty on the owner. The plaintiff lived in the county, and his hogs were taken up in the corporate limits of the town, were impounded, and he was charged the cost for keeping them. *Held,* the law recognizes the difference between imposing a penalty for the violation of the ordinance and a charge for keeping up the hogs. Revisal, secs. 1679, 1682.

**3. Municipal Corporations—Cities and Towns—Animals at Large—Nuisance—Particular Instances.**

Permitting hogs to run at large within the corporate limits of a town in violation of a town ordinance is a nuisance, and where the ordinance itself so declares, it is unnecessary, in order to convict for a violation thereof, to show that any particular instance amounted to a nuisance.

APPEAL by plaintiff from *Rountree, J.,* at September Term, 1915, of MARTIN.

This is claim and delivery for three hogs, begun before a justice of the peace and submitted upon case agreed.

*B. A. Critcher for plaintiff.*
*No counsel for defendant.*

CLARK, C. J. This is an appeal from a judgment upon a case agreed, in claim and delivery. It is agreed that the plaintiff lives 2 miles from Williamston, Martin County, on a farm; that his three hogs in controversy strayed into the corporate limits of Williamston, where they were taken up by the town officers and impounded. It was the first time that his hogs had strayed into the town. The officers of the town did not exact any impounding fees, but required the plaintiff to pay 75 cents for feeding and caring for them until called for. He refused to pay the same, and brought this action for claim and delivery before a justice of the peace. Judgment against plaintiff for 75 cents cost of feeding the hogs.

The ordinance of the town under which the hogs were taken up provides:

"ORDINANCE 36. Whereas running at large of horses, mules, jennets, jacks, cows, hogs, goats, sheep, and geese in the town of Williamston is hereby declared a nuisance to the citizens of said town: It shall be the duty of the constable to take up such animals so running at large in said town, for which he shall receive from the owner of said animals a fee" (here followed the fee specified for each of the animals named) and "10 cents a day for feeding and keeping such animal." With further provision for advertisement and sale and for payment into the treasury of the town. There is a further provision: "The fees from impounding country stock shall be one-half the above fee in each instance, and may not be charged against the owner until after the third impounding. Fees for feeding shall be the same in both cases."

The case agreed finds: "The plaintiff has not been charged any fee for impounding, but the 75 cents for feeding and caring for the said hogs for three days. In Martin County there is the fence law and stock is permitted to run at large in the country."

The exceptions are to the judgment against plaintiff for 75 cents for feeding the hogs:

1. That the plaintiff lives 2 miles from town, and that the stock ordinance is void as to the stock of a nonresident of the town.

2. That before the town can subject the stock of a nonresident to its regulations it has got to declare the animal itself a nuisance.

3. That under the general law of the State the citizens of Martin County have the right to let their stock run at large, and nonresidents are not subject to town regulations unless the particular stock is declared a nuisance.

The court properly adjudged that the plaintiff should pay the 75 cents. It is true that Martin County has not, as a county, the no-fence or stock law. But the town of Williamston has such provision, and doubtless there are other localities in the county which forbid the running of stock at large. It was within the authority of the town commissioners to pass such ordinance, as has been repeatedly held by this Court. In *S. v. Tweedy,* 115 N. C., 705, it is said: "It was competent for the town to enact the ordinance that no hogs should run at large within the town limits, and to prescribe a penalty for violation of such ordinance, and it would make no difference if the owner of the hog should live outside of such limits," citing *Rose v. Hardie,* 98 N. C., 44; *Hellen v. Noe,* 25 N. C., 493; *Whitfield v. Longest,* 28 N. C., 268.

When stock is found running at large in forbidden territory it is a violation of the law in that territory, and it makes no difference whether the owners live within the territory or without. Those living without the territory are not privileged to violate the law any more than those living within the territory. In *S. v. Mathis,* 149 N. C., 548, *Connor, J.,* held that when the stock law is in force in a county and the owner of stock over the dividing line in another county willfully permits his stock to run at large, it is not a valid defense that no fence had been built on the line to prevent the stock from the adjoining county running at large in the county where the trespass was committed. It is true, the act had declared the county line a lawful fence, but *Connor, J.,* said: "While it is usual for the counties or townships which adopt a 'stock law' to build a common fence, it is not necessary that they do so." In *S. v. Garner,* 158 N. C., 630, the Court held that the owner of cattle who permits them to run at large in fence territory, but they stray across the line into a no-fence territory, is liable, though he does not turn them out for that purpose. He purposely turns them out and is

responsible for the fact that they violate the law by straying into territory where stock are forbidden to run at large.

This is recognized to be the law by chapter 141, Laws 1895, which provides that where any city or town prohibits stock running at large it cannot collect fees for impounding the cattle of persons who live more than a mile from the corporate limits which have strayed into the town limits less than three times. This act was construed and held to be valid in *Broadfoot v. Fayetteville,* 121 N. C., 418. The plaintiff himself cites us to Revisal, 5453, to show that this act of 1895 has been repealed. If so, the effect would be simply to repeal the prohibition against the town exacting fees for impounding where the stock have strayed therein from outside territory not more than three times. But that question is not presented, because it is stated in the agreed facts that the town did not exact any fees for impounding, but merely compensation for the cost of feeding the stock, which is a different matter. *Aydlett v. Elizabeth City,* 121 N. C., 4.

The law recognizes the difference, for Revisal, 1679, prescribes the impounding fees for taking up stock running at large, and 1682 prescribes for payment for feeding such stock when taken up. The former fees go to the officer or the town or county, and the latter is a humane provision without which the stock might suffer for want of food and water.

The town ordinance makes it a nuisance for the animals named to run at large within town limits. It had authority to do this, and it was not necessary to go through the solemn form that the court should adjudge in each instance that the act is a nuisance. The owner of the stock has violated a valid ordinance by allowing his stock to run at large. Besides, it is a self-evident fact, even if the ordinance had forbidden stock from running at large without specifically declaring that it was a nuisance. The owner of the hogs is not authorized to violate the town ordinance by permitting his hogs to run at large therein either by the fact that he lives outside of the town limits nor because his hogs do. *S. v. Tweedy,* 115 N. C., 705; *Aydlett v. Elizabeth City,* 121 N. C., 7; *Jones v. Duncan,* 127 N. C., 119.

Affirmed.