PARISH *v.* HILL.

---

*Bogle, Bogle & Morton for appellants.*
*W. L. Mann and R. L. Smith & Son for appellees.*

---

T. D. PARISH ET AL. *v.* K. P. HILL ET AL.

(Filed 4 May, 1927.)

**1. Deeds and Conveyances—Title—Betterments.**

Where one is in lawful possession of lands under an apparent right to demand title from the owner, and places improvements thereon, upon eviction, if he claim betterments, he must account for rents.

**2. Actions—Issues—Parties—Appeal and Error.**

Where the defendant has been in possession of plaintiff's lands claiming under a grantor who had no title, and who was not a party to the action, issues as to contracts, or agreements made between the plaintiff and the grantor of defendant respecting the title that had not been conveyed, are erroneously submitted to the jury.

APPEAL by plaintiffs from *Bond, J.,* at November Term, 1926, of WAKE.

Civil action for rent, tried upon the following issues:

"1. Is the defendant K. P. Hill in possession of the land described in the complaint under a contract for sale from the Wombles, as alleged in the answer? Answer: 'Yes.'

"2. If so, was said contract broken and breached by the Wombles, the owners of the land, through no fault of the defendant K. P. Hill? Answer: 'Yes.'

"3. What is a reasonable rent for said land during the year 1926? Answer: '$125.'

"4. What amount, if any, is the defendant K. P. Hill entitled to recover as damages on account of said breach of contract for sale of said lands? Answer: 'None.'

"5. Is the defendant K. P. Hill in possession of said land under a rental contract, as alleged in the complaint? Answer: 'No.'

"6. If so, what amount, if any, is the plaintiff T. D. Parish entitled to recover of the defendant K. P. Hill for the rent of said lands during the year 1926? Answer: 'None.'

"7. What amount, if any, is the defendant K. P. Hill entitled to recover on his counterclaims, as set forth in the answer, as against T. D. Parish? Answer: 'None.' "

From a judgment on the verdict permitting the defendants to remain on the land during the balance of the year 1926, without paying any rent therefor, and to remove the crops, the plaintiffs appeal, assigning errors.

*Bart M. Gatling for plaintiffs.*
*Thomas W. Ruffin for defendants.*

STACY, C. J. The determinative facts bearing on the questions presented are as follows:

1. During the latter part of February, 1926, J. J. Womble and wife, Meta Ellen Womble, who were at that time the owners of the land described in the complaint, the rent for which is now in dispute, agreed to exchange said land for certain lands near Cary, owned by K. P. Hill.

2. Womble and wife duly executed a deed for their land and placed the same in escrow to be delivered only upon condition that Hill should convey, by good and sufficient deed, his lands in Cary to Meta Ellen Womble.

3. The Wombles thereupon put Hill in possession of their land, the land described in the complaint, and Hill put the Wombles in possession of his Cary lands.

PARISH *v.* HILL.

4. Hill never executed deed for his Cary lands, because, as he says, in August, 1926, a judgment for $450 was docketed against Womble and wife, which became a lien upon the land described in the complaint.

5. On 4 October, 1926, the land described in the complaint was sold by the Wombles to the plaintiffs T. D. Parish and wife for a valuable consideration, and with the understanding that said grantees would be entitled to collect rent for the year 1926.

It was admitted on the trial that the plaintiffs are the owners of said land under this deed, but Hill and his tenants, defendants herein, contend that they are entitled to remove their crops, without paying any rent for the year 1926, and to be compensated for improvements or betterments placed thereon.

It is the position of the plaintiffs that they are entitled, as a matter of right, to recover of the defendants a fair sum as rent for said land during the year 1926, less a reasonable amount for any permanent improvements or betterments placed thereon by the defendant K. P. Hill while he was in possession of same.

Issues were tendered, based on this view of the case, which the court declined to submit, and exception was duly entered to the issues submitted to the jury.

We think the view advanced by the plaintiffs is the correct one, and that the case has been tried on an erroneous theory. *Pass v. Brooks,* 125 N. C., 129; *S. c.,* on rehearing, 127 N. C., 119; *Stinson v. Sneed,* 163 S. W. (Tex.), 989; *Goodloe v. Woods,* 80 S. E. (Va.), 109. "As the defendant claims betterments, he must account for rent"—*Furches, C. J.,* in *Bond v. Wilson,* 129 N. C., 325.

The fourth issue would seem to have no place in the present action, the Wombles not being parties, and this, no doubt, was confusing to the jury. Furthermore, we find no evidence on the record sufficient to support the answer to the second issue. Hill admits in his own testimony that from February to 26 August he neglected, without cause, to execute deed to his Cary lands, which he had agreed to do.

It seems apparent that the jury simply compromised the case, or arbitrated it, without consent of the parties that it might be settled in this way.

Let the cause be remanded, to the end that further proceedings may be had as the law directs, and the rights of the parties require.

New trial.