The following judgment was rendered in the court below:
"The above entitled cause coming on for trial before the undersigned judge and a jury and being consolidated and tried together by consent; and it being agreed by counsel that if the case of `Warren v. Ward' is decided in favor of the defendant that in the case of `Ward v. Warren' the plaintiff is to have judgment for the possession of the property described in the pleadings; and the plaintiff J. A. Warren having voluntarily amended his pleadings and alleged that the contract relied upon by him was an oral contract, the court being of opinion that since the complaint shows upon its face that the contract relied upon is a contract for the purchase and sale of real property and was not reduced to writing or signed by the defendant, and that the defendant denies the contract and pleads the statute of frauds, the plaintiff cannot recover; upon a demurrer ore tenus
and a motion for judgment by the defendant the court renders judgment in favor of the defendant. The plaintiff Warren demurs to the cross action and counterclaim of the defendant Ward for damages in tort, which the court sustains. The defendant Ward takes a voluntary nonsuit upon his counterclaim for rent. *Page 836 
"It is further adjudged in the case of `Ward v. Warren' that the plaintiff is entitled to the immediate possession of the lands described in the pleadings. It is agreed that execution on this judgment will not issue until the first of January, 1936, upon the payment of rent for 1935.
 M. V. BARNHILL, Judge Presiding."
The plaintiff excepted and assigned as error the action of his Honor, Judge Barnhill, in sustaining the demurrer ore tenus of the defendant, which is the only question involved in this appeal.
We see no error in the judgment of the court below. The allegations of plaintiff's complaint and his prayer for relief we think are so general and indefinite that under our most liberal practice plaintiff is not entitled to an issue as to the question of valuable improvements. The principle invoked by plaintiff is well settled in Pass v. Brooks, 125 N.C. 129; S.c., 127 N.C. 119, and the more recent case of Insurance Co. v. Cordon,208 N.C. 723. The pleadings of plaintiff and the theory upon which the case was heard in the court below does not now permit plaintiff to invoke the well settled principle in the above cited cases.
The judgment of the court below is
Affirmed.